LEMMONS *v.* STATE.

Opinion delivered November 5, 1892.

1. *Carrying pistol—"As a weapon."*

On a trial for unlawfully carrying a pistol, the court properly refused to charge the jury, at defendant's request, that he should be acquitted if he was carrying the pistol for the purpose of mere temporary or casual transportation, " and not for *aggressive* use as a weapon ;" since one who carries a pistol for use as a weapon is within the prohibition of the statute, whether he intended to use it aggressively or defensively.

2. *Carrying weapon—"Upon his own premises."*

An unmarried son who lives at his father's house is not authorized to carry weapons upon an adjacent tract of wood-land belonging to his father, if he had no share in its management or control, notwithstanding he had license to enter upon the land for the purpose of cutting wood and making rails.

Appeal from Randolph Circuit Court.

JOHN B. McCALEB, Judge.

Lemmons has appealed from a conviction of carrying a pistol as a weapon. The facts are sufficiently stated in the opinion.

*Samuel R. Allen* for appellant.

1. An unmarried son living with his father and making his home there as one of the family may carry a pistol as a weapon upon the premises. He had an *interest* in the premises, and a right to be there, to the exclusion of the public. 45 Ark. 536.

2. One who carries a pistol for the purpose of returning it to the owner and not for use as a weapon is not guilty, under the statute. 34 Ark. 448.

*W. E. Atkinson,* Attorney General, and *Charles T. Coleman* for appellee.

1. Defendant had no *interest* or estate in the land, and it did not constitute his premises. 45 Ark. 536 ; 49 *id.* 176.

2. Aside from interest or estate in the land, there is but one other light in which land can possibly be considered as a man's premises, and that is in the sense of a *home* for him. If a person occupy as a home the tenements of another, although he has no estate therein, yet they would be deemed in law his premises, in so far as his right to wear arms was concerned. 28 Tex. App. 44 ; 55 Ark. 186. But a man's premises in this sense would not extend beyond the *curtilage,* and not to outlying wood-land.

MANSFIELD, J. The defenses relied on at the trial were, first, that the pistol was not carried as a weapon, and, secondly, that the place where it was carried was upon the appellant's own premises. The grounds urged as sufficient to obtain a reversal are that the court erred in refusing instructions appropriate to each of these defenses, and also in the charge given to the jury as to the second.

Upon the first point testimony was introduced to show that the pistol was taken to the place where the State's witness saw it in the hands of the defendant, for the purpose of returning it to a person from whom it had been borrowed ; and the court was requested to instruct the jury to acquit the defendant if they believed from the evidence '' that he was carrying the pistol for the purpose of mere temporary or causal transportation, as to return it to its proper owner, and not for aggressive use as a weapon.'' The request was refused ; but by the court's charge the jury were told that the defendant should be acquitted if it was shown by a preponderance of the evidence that he did not carry the pistol as a weapon.

A pistol is carried as a weapon when it is carried "for the purpose of having it convenient for use in fight." *Carr* v. *State*, 34 Ark. 450.   And it is immaterial whether the person carrying it intends to be the aggressor in a conflict or to act only on the defensive.   But, by the use of the word "aggressive," the defendant's request was given such form that the jury would have understood it to mean that he was entitled to an acquittal if they believed it was not his purpose to use the pistol in making an attack.   It was not error, therefore, to refuse it. The facts were such that the instruction would have been proper if the objectionable word had been omitted.   But the point to which it applied was in general terms covered by the court's charge; and the defendant cannot avail himself of the court's failure to make, of its own motion, a correction in the language of his request which would have changed materially its meaning.

The place where the pistol was carried was a piece of wood-land embraced in lands belonging to and occupied by the defendant's father.   The defendant was of age at the time the offense is charged to have been committed, but was unmarried and living with his father. During the summer preceding the winter in which the pistol was carried, he made a crop on a part of his father's lands situated at a short distance from the wood-land referred to; and he testified that he had the privilege of cutting wood and making rails on the wood-land for the purpose of fencing the land "if he desired to do so."   But there was no proof that this privilege was at any time exercised.   How far the wood-land was from his father's house is not shown, and it does not appear what quantity of land the father owned, or how much of it was improved, or what proportion of it had been cultivated by the defendant.   But the court was requested to charge that if "the defendant was a single person and lived with his father on the tract of land, and made

1.  When pistol carried as a weapon.

2.  Right to carry upon one's own premises.

his home there, that would be his premises, and he would be entitled to carry a pistol on such premises." This request was also properly refused. It was intended to present to the jury a theory not warranted by the evidence ; . and the conclusion of law it states is not deducible from the facts assumed. It makes the entire tract of land the premises of the defendant, simply because he lived there with his father and was unmarried. Whatever weight these facts might in some cases have as evidence tending, in connection with other circumstances, to prove a participation in the control of lands, they do not of them-. selves imply such participation, nor show any right to it. But there was no attempt to prove that the defendant controlled, either exclusively or jointly with his father, any part of the lands except the part he cultivated. And the case before us does not make it necessary to decide whether a son, living in the house of his father upon a farm in which he has no estate or legal interest, may not lawfully carry a pistol on any part of the property, if he is permitted to share in its management or control.

The Attorney General concedes that, as an inmate of his father's house, the defendant could have lawfully carried a pistol on the grounds habitually used in immediate connection with the dwelling-house and forming what is designated in England and by some American statutes as the curtilage. Bishop, Stat. Cr. sec. 286, and notes 12, 13. As his father's tenant, he was also entitled to treat as his own premises the portion of the land he cultivated, while it was under his control. But he was not prosecuted for carrying the pistol elsewhere than upon the wood-land ; and his right with reference to that consisted of a mere license to enter upon it for the special purpose of obtaining wood for fuel and timber for making rails. This privilege, which he probably enjoyed in common with others, gave him no such interest in or control over the wood-land as entitled him to

the protection of the statutory exception. That such is the law is shown by the decisions of this court in cases previously arising under the same statute. *Kinkead* v. *State*, 45 Ark. 536 ; *Clark* v. *State*, 49 Ark. 174. As it appears from his own testimony that the defendant had not rented the wood-land, and as the State produced no evidence that he carried a pistol on any other part of the lands, he was not prejudiced by anything contained in the court's charge. The clause of the charge especially complained of is to the effect that a person who has rented land must have control of it in order to make it his premises, within the meaning of the statute. This was not incorrect as a declaration of the law ; and it was probably given because the court understood the position of the defendant to be that his tenancy extended to the wood-land. *Jones* v. *State*, 55 Ark. 186.

Affirmed.