## Tisdale *v*. State.

### Opinion delivered October 25, 1915.

Juror—opinion—qualification.—In a criminal prosecution, a juror when examined stated that he had heard of the case and supposed that he had an opinion, but that he could go into the jury box and give the defendant a fair and impartial trial according to the law, and under the evidence as detailed by the witnesses upon the stand, disregarding what he had heard about the case and any opinion that he might have formed. *Held*, the action of the trial court in declaring the juror qualified was proper.

Appeal from Cleveland Circuit Court; *Turner Butler*, Judge; affirmed.

*Bratton & Bratton*, for appellant.

1. The juror Mays should have been excused. He had formed an opinion. 102 Ark. 183; 69 *Id*. 322.

*Wallace Davis*, Attorney General, and *Jno. P. Streepey*, Assistant for appellee.

The court did not err as to the juror, Mays. 101 Ark. 443; 103 *Id*. 21; 85 *Id*. 64; 91 *Id*. 582.

Kirby, J. This appeal is from a conviction for the unlawful sale of intoxicating liquors, and it is insisted for reversal that the court erred in not excusing the juror, Sid Mays, for cause.

The record discloses that eighteen jurors were examined and declared qualified, Mays among the number, and from this list the names of three jurors each were struck by the State and the defendant.

On his *voir dire*, the juror stated:

Q. You say you have heard of the case?

A. I heard of the case here in the justice of the peace court.

Q. Did you hear any of the witnesses?

A. No, sir; those to whom I talked, had heard the witnesses, and they detailed the facts in the case to me, as they heard it.

Q. They detailed the facts to you?

A. Yes, sir.

Q. From that did you form an opinion as to the guilt or innocence of the defendant?

A.   Yes, sir; I suppose I did.

*The Court.*   If you were selected as a juror in this case could you and would you go in to the jury box and lay aside those things you might have heard, this hearsay, and efface from your mind any opinion you might have formed from what you have heard, and try this defendant according to the evidence as detailed to you by the witness here from the stand, and the law as given you by the court, disregarding all you might have heard, or opinions you may have formed?

A.   Yes, sir; I would try him according to the law and the evidence.

*The Court.*   The juror is qualified.

The examination of the juror clearly shows that he had no fixed opinion of the guilt or innocence of the defendant, notwithstanding he said he had talked with some persons who had heard the witnesses testify in the trial. He was not certain that he had an opinion even, answering the question whether he had formed an opinion from hearing the facts detailed by those who had heard the other witnesses, "Yes, I suppose I did." He stated he could go in to the jury box and give the defendant a fair and impartial trial according to the law and the evidence as detailed by the witnesses upon the stand, disregarding what he had heard about the case and any opinion he might have formed and that he would do so.

Thereupon the court declared him competent and not subject to challenge for cause and committed no error in doing so.

The juror only supposed that he had an opinion, did not say that it was definite and fixed, or would require evidence to remove it, nor was he asked any further questions that might have disclosed a state of mind that would have rendered him incompetent as a juror, if such was the fact. *McElvain* v. *State,* 101 Ark. 450; *Collins* v. *State,* 102 Ark. 182; *Jackson* v. *State,* 103 Ark. 21; *Hamer* v. *State,* 104 Ark. 606.

The judgment is affirmed.