## MOBLEY v. STATE.

## Opinion delivered September 30, 1918.

1. INTOXICATING LIQUORS—EVIDENCE—POSSESSION OF LIQUOR.—Where defendant was being tried for a sale of intoxicating liquors made on September 6, 1916, proof that on June 6, previous, he had three dozen bottles of beer and some whiskey on ice was properly admitted.

2. SAME—EVIDENCE—RECEIPT OF LIQUOR.—Proof that three months before defendant is charged with having sold whiskey a 60-pound cask of whiskey was shipped to his order and received and delivered to another "on an order" was admissible.

3. CRIMINAL LAW—HARMLESS ERROR—EXCLUSION OF EVIDENCE.—Exclusion of evidence, in a prosecution for the sale of intoxicating liquors, that a woman who testified for the State had habitually

hung around saloons when they were licensed was not prejudicial to defendant where she admitted on cross-examination that during the time saloons were operated she went there frequently and bought what she wanted.

4. SAME—IMPEACHMENT OF ONE INTERESTED IN PROSECUTION.—Evidence offered to show that a certain person had been convicted of selling liquor illegally was properly rejected when he did not testify, though it was proved that he worked for the prosecution, and put up a portion of the money with which the whiskey was purchased from defendant.

5. SAME—EVIDENCE.—An offer to have defendant exhibit his hands to the jury for the purpose of showing that he earned his living by the labor of his hands was properly refused where he had testified in the presence of the jury, and the jury had an opportunity to determine whether he presented the appearance of a laboring man.

Appeal from Pulaski Circuit Court, First Division; *J. W. Wade,* Judge; affirmed.

*Philip McNemer,* for appellant.

1. Hobbs' testimony is too remote and disconnected and is irrelevant. 23 Cyc. 250, note 24; 124 S. W. 107; 110 S. W. 900; 44 *Id.* 494; 111 *Id.* 412.

2. Dixon's testimony fails to connect appellant with the sale.

3. Holloway's testimony should have been admitted as to Mattie Foster's character. 1 Wigmore on Ev., 655, 749; 69 N. C. 75.

4. Luke Wesson was convicted of crime and the records showing this should have been admitted.

5. It was error to refuse to permit appellant to exhibit his hands to the jury, to show that he was a laboring man and earned his living by toil.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. No error in admitting the testimony of Hobbs. Proof is not limited to a single sale, but proof tending to show any sale within the period of limitation is admissible. 127 Ark. 289; 130 *Id.* 322; 129 *Id.* 106.

2. No error in admitting the testimony of the express agent. The consignment was delivered to White on an order and the package was addressed to appellant.

3. No error in excluding testimony of Holloway. The method of impeachment is not proper. Kirby's Digest, § 3138; 99 Ark. 604; 130 *Id.* 365.

4. No error in refusing to permit appellant to exhibit his hands. He testified in his own behalf and the jury saw him. If error, it was harmless.

5. Wesson was not a witness and the records were properly not admitted as evidence.

SMITH, J. Appellant seeks by this appeal to reverse the judgment of the court below imposing a sentence of a year in the penitentiary upon a charge of selling intoxicating liquors.

It is first insisted that error was committed in permitting a deputy sheriff named Hobbs to testify that he raided appellant's home on June 6, 1916, and found three dozen bottles of beer and some whiskey on ice, but the witness was not as positive about the whiskey as he was about the beer; and he also testified that he saw a boy coming out of appellant's house at the time of the raid with a bottle in his hands.

The indictment was returned on October 6, 1916, and alleged the sale of the intoxicating liquors to have been made on September 26, 1916, and it is argued that this sale was too remote in point of time from the date of the raid for the facts there discovered to have any relevancy to the crime charged. It is true the State's testimony showed a sale of intoxicating liquors on September 26, the date alleged in the indictment; but the State was not limited to the proof of a sale made on that date. A conviction could have been had on proof of a sale made at any time after the sale of intoxicating liquors became a felony and within three years of the date of the indictment. As was said, in answer to the same contention now made, in the case of *Springer* v. *State,* 129 Ark. 110, the testimony showed that appellant had provided himself with large quantities of intoxicating liquor, and he had the beer cold and in condition to sell. And we have also said that the State, to secure a single

conviction, may offer proof of more than one sale. *Dean v. State,* 130 Ark. 322; *Mason v. State,* 127 Ark. 289. The testimony on the part of the State showed the sale of two one-half pints of whiskey, one of which sales had been made at appellant's home, and the other half pint was sold and delivered near there. The place of these alleged sales is identical with the place testified to by the witness Hobbs, and we can not say that the time was so far removed as to have no relevancy, as showing the business in which appellant was engaged.

Exceptions were saved to the action of the court in permitting an express agent to testify that in June, 1916, a sixty-pound cask of whiskey was received at the express office consigned to appellant, and delivered to Francis White. Objection is made that the testimony does not connect appellant with the receipt of this liquor. It was shown, however, that the package was addressed to appellant and that it was delivered to White "on an order."

The court refused to permit one Holloway, a witness for appellant, to testify that Mattie Foster, a witness for the State, habitually hung around the Argenta saloons. It appears, however, that witnesses who claimed to know this witness well testified that she was a bad woman and that from her general reputation for truth and morality they would not believe her on oath; and she herself admitted on her cross-examination that during the time saloons were operated in Argenta she went there frequently and bought what she wanted. The testimony of the impeaching witness shows that Mattie Foster was a woman of bad character, and her own admissions on cross-examination showed that she was addicted to the use of intoxicating liquors, and no attempt was made by the State to controvert either of these facts, and no error was committed in refusing to admit testimony to the effect that Mattie Foster had hung around saloons in Argenta during the period of their operation. Moreover, the impeaching testimony was properly limited to

general reputation and not extended to proof of specific instances of bad conduct.

The court refused to permit appellant to introduce in evidence circuit court records tending to impeach one Luke Wesson by showing that Wesson had been convicted in the circuit court of Hempstead County at the April term, 1913, for three illegal sales of liquor. A witness for the State had testified that Wesson worked for the prohibition people, and that Wesson put up a portion of the money with which the last half pint of whiskey was purchased. In support of this assignment of error, it is argued that the jury might have found that Wesson was interested in obtaining a reward for procuring a conviction, and that the women who testified against appellant were interested in assisting Wesson to earn this reward, and that proof of Wesson's conviction for selling liquor illegally would show the character of man he was and make it appear more plausible to the jury that the appellant was the victim of a frame-up. A sufficient answer to this contention is that Wesson did not testify at the trial of this case, and had nothing to do with the purchase of the liquor except to furnish a portion of the money with which the last half pint was purchased; and there was no testimony to the effect that Wesson would have received any reward or derive any advantage from a conviction in this case.

It is finally insisted that error was committed in refusing to permit appellant to exhibit his hands to the jury, his counsel having stated, at the time this offer was made, that they were hard, rough and full of corns. This offer was made for the purpose of showing that appellant was a laboring man and earned his living by honest toil. He testified that he worked for a transfer company in the city of Little Rock, and had not missed a day from his work in nine years except when he was sick.

The majority of the court is of the opinion that no error was committed in the exclusion of this testimony, for the reason that the witness had testified in the presence of the jury and the opportunity had been thus af-

forded for the jury to determine whether appellant presented the appearance of a laboring man or not. Moreover, the State made no attempt to show that appellant was not a laboring man, and it was not denied that he had worked regularly at his employment, and the excluded testimony would have had no relevancy concerning defendant's guilt.

No error prejudicial to the appellant appearing in the opinion of the majority, the judgment of the court below is affirmed.