NOYES *v.* STATE.

Opinion delivered December 10, 1923.

1.  INTOXICATING LIQUORS—TRANSPORTATION—EVIDENCE.—In a prosecution for transporting liquors, there was no error in permitting a witness to state that he searched defendant's garage two or three months before the transaction in question, and found 53 gallons of intoxicating liquors there, and that defendant refused to explain how it came to be there.

2.  WITNESSES—IMPEACHMENT OF ACCUSED.—When defendant becomes a witness in his own behalf, he is subject to all the rules applicable to other witnesses, and his testimony may be discredited and impeached like that of other witnesses.

3.  WITNESSES—CROSS-EXAMINATION OF ACCUSED.—In a prosecution for transporting intoxicating liquors, where the State introduced evidence of finding liquors in defendant's garage three months before the alleged offense, there was no error in permitting cross-examination of defendant as to such liquors.

4.  WITNESSES—CROSS-EXAMINATION OF ACCUSED.—A defendant, on cross-examination, may be asked, on cross-examination, concerning his recent conduct and associations in matters involving moral delinquencies on his part.

5.  CRIMINAL LAW—MISLEADING INSTRUCTION—SPECIFIC OBJECTION.—Where an instruction was thought to be misleading as to the particular time and transaction relied on for conviction, defendant should have asked a specific instruction thereon.

6.  CRIMINAL LAW—INSTRUCTION—EXCEPTION.—Where no exception was saved to the giving of an instruction, and it was not made the ground of a motion for new trial, alleged error therein cannot be reviewed.

7.  WITNESSES—BAD REPUTATION OF ACCUSED.—Where the accused took the stand in his own behalf, there was no error in permitting the State to show his bad reputation for truth, under Crawford & Moses' Dig., § 4187, though his character had not previously been put in issue.

8.  CRIMINAL LAW—REMARK OF COURT.—Where, during a trial for transporting intoxicating liquors, a jury in a similar case returned a verdict of not guilty, prompt action of the court in instructing the jury not to consider his facetious remarks which tended to ridicule the verdict, but to try the case before them on the law and evidence, removed any prejudice which might have resulted to defendant.

9.  CRIMINAL LAW—IMPROPER ARGUMENT.—In a prosecution for transporting intoxicating liquors, where the only basis for the

prosecuting attorney's argument that the officers knew that defendant had been dealing in liquors was that they had searched his garage and found whiskey, a short time before, any prejudice that might have resulted therefrom was cured by instructing the jury to decide according to the evidence and instructions, without regard to what the counsel may have said.

Appeal from Pulaski Circuit Court; *John W. Wade,* Judge; affirmed.

*Murphy, McHaney & Dunaway,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HART, J. R. R. Noyes prosecutes this appeal to reverse a judgment of conviction against him for transporting intoxicating liquors, in violation of the provisions of § 6165 of Crawford & Moses' Digest.

The first assignment of error is that the court erred in allowing a deputy sheriff to testify that he had obtained a search warrant and searched the garage of the defendant, in the city of Little Rock, two or three months before the transaction involved in this case happened, and found fifty-three gallons of intoxicating liquors there, and that the defendant refused to explain how it came to be there. We do not think that there was any error in admitting this testimony. Two deputy sheriffs testified that they saw the defendant, about dark, one evening, throw a sack out of his automobile, which, upon examination, was found to contain three jugs of moonshine whiskey, and that the defendant jumped out of his car and ran off with a jug of moonshine whiskey in each hand.

It appears that, when his garage was searched by the officers, the defendant lived in the city of Little Rock, and that he had subsequently moved into the country and lived near where the officers saw him with the moonshine whiskey in his automobile, which is the transaction involved in this case.

The fact that the defendant, two or three months before the transaction in question, had fifty-three gallons of whiskey stored in his garage, was a circumstance

tending to shed light on the transaction involved in this suit. The jury might consider the fact that he kept such an unusual quantity of whiskey about his premises as shedding light upon the question of whether or not he was guilty of transporting intoxicating liquors, in violation of the statute. *Larkin* v. *State,* 131 Ark. 445; *Lowery* v. *State,* 135 Ark. 159; *Casteel* v. *State,* 151 Ark. 69, and *Springer* v. *State,* 129 Ark. 106.

The next assignment of error is that the court erred in allowing the witness to be cross-examined on this same question. On his cross-examination the defendant admitted that the officers had found fifty-three gallons of moonshine whiskey in his garage, but he stated that he had bought the whiskey for the purpose of drinking it, and not for any illegal use. This assignment of error is not well taken. It has been repeatedly held by this court that, when a defendant becomes a witness in his own behalf in a criminal case, he is subject to all the rules applicable to other witnesses, and his testimony may be discredited and impeached like that of any other witness. *Rhea* v. *State,* 104 Ark. 162, and cases cited, and *Shinn* v. *State,* 150 Ark. 215. Under the authority of the cases just cited, and many others, this court has repeatedly held that a defendant on cross-examination may be asked concerning his recent conduct and associations in matters involving moral delinquencies on his part.

The next assignment of error is that the court erred in giving to the jury instruction No. 3, which is as follows:

"If you find that this defendant, at any time within twelve months next before the filing of this information, in this county and State, transported any intoxicating liquors of any kind, in any amount, from one place to another, in this county, or from outside the county into this county, beyond a reasonable doubt, then you should convict him."

The objection to the instruction is that it is faulty because it is not made clear that the twelve months within which the jury might have found the defendant guilty of transporting intoxicating liquors, under the statute, was given solely for the purpose of fixing the statute of limitation governing misdemeanors.

We do not think that the instruction is ambiguous. If the defendant, however, thought that the instruction was likely to mislead the jury about the particular time and transaction relied upon for his conviction, he should have asked a specific instruction upon this point, and, not having done so, he is in no attitude to complain on appeal.

It is next insisted that the court erred in giving instruction No. 4. No exceptions were saved to the giving of this instruction, and it was not made the ground of a motion for a new trial. Hence, under our rules of practice, we cannot review this alleged error. *Bullen* v. *State,* 156 Ark. 148.

The next assignment of error is that the court erred in allowing the State to show the bad reputation of the defendant for truth. This assignment of error is not well taken. When the defendant took the stand in his own behalf he became like any other witness, and, under the statute, his character for veracity could be impeached, though his good character may not have been previously put in issue. Section 4187 of Crawford & Moses' Digest, and *Paxton* v. *State,* 108 Ark. 316, and cases cited.

The next assignment of error is that the court erred in making certain remarks during the progress of the trial. It appears that, during the course of the trial, another jury came in and returned a verdict of not guilty in another case where another defendant was charged with unlawfully transporting liquors. The court made some facetious remarks which tended to ridicule the verdict. Upon objections being made to the remarks, the court at once admonished the jury not

to consider them, but to try the case solely and alone upon the law and the evidence, and not to be influenced by what the court or anybody else may have said or done in any other case, at the same time mentioning the case about which the remarks had been made. We think that the prompt action of the court in this respect removed any prejudice which might have resulted to the defendant from the remarks of the court concerning the other case.

Another assignment of error relied upon for a reversal of the judgment is that the prosecuting attorney, in his closing argument, went out of the record and referred to the fact that the officers knew that the defendant had been dealing in whiskey.

It appears that the only basis for this remark was that they had searched his garage for whiskey two or three months before the time the present transaction occurred, and that they were watching him on the occasion in question. At the conclusion of the prosecuting attorney's argument the court told the jury that it must decide the case according to the evidence and instructions of the court, without regard to anything which counsel on each side or the court had said to the contrary, or what the court might have said to the other jury.

We think this action of the court had the effect to remove any prejudice that might have resulted from the remarks of the prosecuting attorney. It will be noted that the court specifically told the jury twice to decide the case solely according to the law and the evidence, and not to pay any attention to the remarks of the court or of the prosecuting attorney, except as applied to the argument of the instructions and the evidence. Any jury of good judgment and ordinary experience would not be misled by the argument in question, after receiving this admonition from the court.

We find no reversible error in the record, and the judgment will be affirmed.