## PARNELL v. STATE.

### Opinion delivered March 31, 1924.

1. CRIMINAL LAW—REMARKS OF PROSECUTING ATTORNEY.—In a prosecution for selling intoxicating liquors, remarks of the prosecuting attorney calling the jury's attention to other indictments against the accused, having no relevancy to the case, were prejudicial.

2. WITNESSES—IMPEACHMENT.—It was error to permit the prosecuting attorney to question defendant on cross-examination concerning his being arrested on other charges.

Appeal from Jefferson Circuit Court; *T. G. Parham,* Judge; reversed.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock, Darden Moose* and *J. S. Abercrombie,* Assistants, for appellee.

McCULLOCH, C. J. This is an appeal from a judgment of conviction under an indictment charging appellant with the crime of selling intoxicating liquor. There has been no brief filed on behalf of appellant, but the Attorney General confesses error on two grounds, and, if we sustain the confession of error, it is only necessary to discuss those two assignments.

One of these assignments relates to a part of the opening statement of the prosecuting attorney, which is as follows:

"I feel like you ought to know, gentlemen, that, at the time this defendant was tried before, a number of cases of burglary and grand larceny and one whiskey case was by me *nolle prossed* on an agreement with him and with his people; and he entered his plea of guilty, and he was sentenced in one case, and his plea was received in the other cases, and the case continued during good behavior. The case is in this attitude: He entered his plea of guilty to burglary and grand larceny in one case, and to other cases, and to one case of selling whiskey, and at the time no record was made, and the cases were *nolle prossed*. He had been out of the penitentiary, after serving four or five months, and was on parol, when he got mixed up in the whiskey business again, and was sent back to the penitentiary and served some more time. After serving that, he came back, and was not here long before this transaction took place about which we are trying him. That is a matter of record."

Counsel for appellant objected to this statement at the time it was made, and asked the court to admonish the jury not to consider it, but the court overruled the objection, and an exception was saved.

These remarks of the prosecuting attorney had no relevancy to the issues to be tried concerning the guilt or innocence of the defendant, and the only effect they could have had upon the jury was to bring to their attention the other indictments against appellant. The prejudicial effect was obvious. The prosecuting attorney had the right, if appellant saw fit to take the stand as a witness in his own behalf, to interrogate him concerning conviction of crime which might affect his credibility as a witness, but the officer had no right to introduce independent proof of those facts, and, on the contrary, was bound by appellant's answers. This is so, even as to convictions, and as to mere indictments for crime it would not have been proper to ask appellants concerning

them.  At any rate, the prosecuting attorney had no right to narrate before the jury other charges against appellant.

The next assignment relates to the ruling of the court in permitting the prosecuting attorney to interrogate appellant, on cross-examination, concerning arrests on other charges.  This was done over the objection of appellant, and exceptions were duly saved. We have frequently held that it is improper to permit a witness to be interrogated concerning mere accusations, or indictments for crime.  There are so many of those decisions that it is unnecessary to cite any of them in support of this statement of the law.

The judgment is therefore reversed, and the cause remanded for a new trial.