## POE v. STATE.

## Opinion delivered March 9, 1925.

1. CRIMINAL LAW—CONSOLIDATION OF CHARGES—ELECTION.—Where defendant, separately indicted for manufacturing intoxicating liquors, making mash, and keeping a still, agreed to a consolidation of cases, he cannot complain of the court's refusal to require the State to elect between the charges.

2. CRIMINAL LAW—NECESSITY OF MOTION FOR NEW TRIAL.— Error cannot be predicated on the rulings of the trial court not assigned as error, in the motion for new trial.

3. INTOXICATING LIQUORS—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to sustain a conviction for making mash fit for distillation and for possessing a still.

4. INTOXICATING LIQUORS—INDICTMENT.—Under an indictment for possessing a still and still worm, a conviction for possessing a still will be sustained.

5. INTOXICATING LIQUORS—POSSESSING STILL—INSTRUCTION.—An instruction that if the jury found that the apparatus in evidence was home-made or a substitute still, defendant could not be convicted of possessing a still was properly refused where the apparatus was in fact a still.

6. CRIMINAL LAW—VENUE—EVIDENCE.—Evidence *held* sufficient to establish the venue of the offense charged against defendant.

Appeal from Sebastian Circuit Court, Fort Smith, District; *John E. Tatum,* Judge; affirmed.

*E. M. Ditmon,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HART, J. Clifford Poe was indicted for manufacturing intoxicating liquor, for making mash fit for distillation, and for keeping in his possession a stillworm and a still.

Separate indictments were returned, and the three cases were consolidated for trial by agreement with the defendant. He was acquitted of the charge of manufacturing intoxicating liquors, but was convicted of making mash and possessing a still. His punishment was fixed at one year in the State Penitentiary on each charge, and it was ordered that the sentences run concurrently.

From the judgment of conviction the defendant has duly prosecuted an appeal to this court.

The first assignment of error relied upon by the defendant for a reversal of the judgment is that the trial court erred in refusing to require the State to elect upon which of the charges it would stand.

The record shows that the defendant agreed that all three cases should be consolidated and tried together. The facts in the three cases were practically the same, and, the defendant having expressly consented to trying them together, he cannot be now heard to complain of the action of the court in doing so. *Halley* v. *State*, 108 Ark. 224, and *Setzer* v. *State*, 110 Ark. 226.

Moreover, the alleged error of the court in allowing the cases to be tried together was not made one of the grounds for a new trial, and, under our rules of practice, will be treated as abandoned here. It is well settled in this State that error cannot be predicated on the rulings of a trial court which were not assigned as erroneous in the defendant's motion for a new trial. *Lambdin* v. *State*, 150 Ark. 580; *Franklin* v. *State*, 153 Ark. 536, and *Clayton* v. *State*, 159 Ark. 592.

It is next insisted that the judgment should be reversed because the evidence is not legally sufficient to support the verdict in either case.

According to the testimony of the witnesses for the State, officers went to the residence of the defendant, in the Fort Smith District of Sebastian County, Arkansas, on September 20, 1924, for the purpose of searching his house for intoxicating liquors, for mash used for making such liquors, and for a still or stillworm. The officers had been informed that there was a still there, and they had obtained a search warrant to search his house. They found a keg of mash which could be used for the purpose of manufacturing liquor. They also found a copper vessel which could be used in boiling the mash, a copper stillworm, and a tin vessel into which the liquor could run after it had been boiled in the copper kettle and run

through the stillworm. The officers said that this could be used in manufacturing intoxicating liquors.

Our statute makes it illegal to make a mash, wort, or wash fit for the distillation of alcoholic liquors. *Rinehart* v. *State,* 162 Ark. 520. Hence the evidence was legally sufficient to warrant a conviction on this charge.

The evidence was also sufficient to show that the defendant had in his possession a stillworm and a still without registering the same, within the rule laid down in *Hodgkiss* v. *State,* 156 Ark. 340, and *Moore* v. *State,* 154 Ark. 13.

It is next insisted that the verdict is contrary to law, for the reason that the indictment charged the defendant with having a still and a stillworm in his possession.

This assignment of error is not well taken. An indictment for setting up and keeping and possessing a still and stillworm without registering the same has been held to charge the single offense of setting up a still for the purpose of producing distilled spirits. *Wright* v. *State,* 155 Ark. 169.

The jury found the defendant guilty of having a still in his possession, and the evidence fully warranted the finding under the ruling in the cases cited above. Thus it will be seen that he cannot be again tried and convicted for having in his possession a stillworm upon the evidence which was introduced in this case.

It is next insisted that the court erred in refusing to give instruction No. 3, which reads as follows:

"The defendant requests the court to instruct the jury, if they find from the evidence that the apparatus introduced in evidence is a home-made still, or a substitute still, you cannot convict the defendant of having a still in his possession under the present indictment."

There was no error in refusing to give this instruction. The apparatus found at the defendant's house was a copper vessel which could be used in boiling the mash, and a copper stillworm which could be used in carrying the vapor from the copper vessel through a cooling process into the tin vessel which could be used to

receive the distilled liquor as it came from the stillworm. This apparatus constituted a still, within the meaning of our decisions cited above and several other decisions which might be cited.

Finally, it is insisted that the venue was not proved by the State. The sheriff of the county testified that the taxbooks showed that the defendant was a resident of the Fort Smith District of Sebastian County. Another witness for the State testified that he knew where the defendant's place was situated, and that, while it was close to the line, it was within the Fort Smith District of Sebastian County. This testimony, if believed by the jury, was sufficient to prove the venue.

It follows that the judgment will be affirmed.