## TAYLOR *v.* STATE.

### Opinion delivered October 19, 1925.

1. INDICTMENT AND INFORMATION—SIGNATURE OF FOREMAN.—Where the indorsement of "a true bill" on an indictment was signed by the foreman, this meets the requirement of Crawford & Moses' Digest, § 3009, and it is unnecessary that the indictment itself be signed by such foreman.

2. INDICTMENT AND INFORMATION—ALLEGATION OF TIME—CLERICAL MISPRISION.—That an indictment by clerical misprision alleges an impossible date for the commission of the crime does not affect the validity or sufficiency of the indictment.

3. INTOXICATING LIQUORS—UNLAWFUL SALE—EVIDENCE.—Evidence *held* to sustain a conviction of unlawfully selling intoxicating liquors.

4. WITNESSES—IMPEACHMENT.—It was not error to refuse to permit defendant in a criminal prosecution to show that the prosecuting witness was in jail on indictment for burglary and grand larceny at the time he was testifying.

5. CRIMINAL LAW—PROOF OF OTHER OFFENSES.—In a prosecution for unlawfully selling intoxicating liquor, a witness may testify that he searched defendant's house on other occasions and found whiskey, as such testimony tended to show the business in which defendant was engaged.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

*T. S. Osborne* and *John Hiner,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted in the Fort Smith District of the Sebastian Circuit Court on the 5th day of June, 1925, for the crime of selling intoxicating liquor on the 6th day of October, 1925. He moved to quash the indictment for the alleged reason that same did not bear the signature of the foreman of the grand jury. The motion was overruled over the objection and exception of appellant. At a later date, appellant was tried, convicted, and adjudged to serve a term of one year in the State penitentiary as a punishment therefor.

An appeal has been duly prosecuted to this court from the judgment of conviction.

Appellant first contends for a reversal of the judgment upon the following alleged grounds; first, that the indictment was not signed by the foreman of the grand jury; and, second, that the accusation preceded the commission of the crime.

(1) The record reflects that the indictment was indorsed by the foreman of the grand jury. This meets the requirement of the statute. The statute does not require that the indictment be signed by the foreman. Crawford & Moses' Digest, § 3009.

(2) Since an accusation implies the commission of a crime, it is apparent that the alleged date thereof was a clerical error and did not affect the validity or sufficiency of the indictment. *Conrand* v. *State,* 56 Ark. 559; *Cooper* v. *State,* 145 Ark. 403.

Appellant's next assignment of error is that the proof is insufficient to support the verdict because it tended to show that the crime was committed on an impossible date, towit: October 6, 1925. Appellant is mistaken in this contention, for John Henry Morgan testified that he bought intoxicating liquor from appellant on the 6th day of October, and again on the first Monday after Easter; that he paid $3.00 a pint for it; that when he bought the whiskey on the first Sunday in October, Jim, whom he had known about a year and one-half, was there. The indictment was returned on the 5th day of June, 1925. Appellant was tried on June 24, 1925. If, on that date, John Henry Morgan had only known Jim, who was present when the sale was made, for a year and one-half, then the sale must have occurred within a year and one-half from the date of the trial, which would be within three years next before the indictment was returned. It follows that the sales testified to by John Henry Morgan were necessarily on the 6th day of October, 1924, and the Easter next preceding the date of the trial. There was no Easter or October between the date of the indictment and the date of the trial. The evidence therefore is sufficient to support the verdict.

Appellant's next assignment of error is that the trial court refused to allow appellant to show that the prosecuting witness was in jail for trial on indictment for burglary and grand larceny at the time he was testifying in this case, as tending to affect his credibility. The rule is that a witness may be asked concerning a conviction as affecting his credibility, but not asked concerning indictments or mere accusations. *Parnell* v. *State,* 163 Ark. 316.

Appellant's next assignment of error is that the trial court erred in permitting D. M. Willis to testify that he searched defendant's house on other occasions and found whiskey. This testimony was admissible as a circumstance tending to show the business in which appellant was engaged. *Mobley* v. *State,* 135 Ark. 475; *Noyes* v. *State,* 161 Ark. 340.

Appellant's next assignment of error is that the court erred in giving instruction No. 1, for the alleged reason that there is no evidence tending to show that appellant sold intoxicating liquor within three years next before the finding of the indictment. As stated above, the appellant is mistaken in his construction of the testimony. Morgan's testimony tended to show that the liquor was sold within a year and one-half before the day he was testifying.

Appellant has argued other assignments of error, which are not properly before this court either because they were not brought into the record by proper exception or because the exceptions were not preserved in his motion for a new trial.

No error appearing, the judgment is affirmed.