MARONEY v. STATE.

BULAH v. STATE (No. 3453).

STUART v. STATE (No. 3463).

Opinion delivered May 21, 1928.

*Clary & Ball,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* for appellee.

KIRBY, J.    Henry Maroney prosecutes this appeal from a judgment of conviction for the crime of selling intoxicating liquors, fixing his punishment at one year in the State Penitentiary.

Two errors are assigned for the reversal of the judgment, the first that the court erred in the examination of the jurors on their *voir dire,* and the admission of the testimony of Lee as a witness.

The record discloses that the court said to the jury:

"Gentlemen of the jury, it may develop, on the trial of this case, that the State will depend in part, to what extent I just now am not advised, on the testimony of a special agent or detective. Now I am going to ask you if you, any of you, are so prejudiced against a man who engages in that course of transactions to the extent that you would fail or refuse to bring into court a conviction upon that testimony, although you might believe that testimony was true?

"If, gentlemen, it should appear that the State could rely upon the testimony of a detective to secure a conviction in this case, if you should believe, from the testimony of the detective and together with all the other facts and circumstances, that the defendant was guilty, and be convinced of that fact beyond a reasonable doubt, would you find him guilty, notwithstanding that you might resent in some way the manner in which the testimony was secured?

"I judge, gentlemen, by your silence, that you would not let yourselves be prejudiced against the testimony because it was given by a detective, to the extent that you would disregard it, if you believe it to be reasonable and true.    I am taking it for granted, gentlemen, that, although you might resent in some degree the manner in which the testimony was secured, yet if, from it and all of the other testimony in the case, you should believe beyond a reasonable doubt that the defendant was guilty, you would find him guilty.    Now, if there is any man that could not do that, let me know it."

Objections were made, overruled, and exceptions saved to each of these questions and statements.

Appellant insists that this question was improper, invaded the province of the jury, and precluded them from the exercise of their own judgment in weighing the testimony of the witnesses, and cites the case of *Turner* v. *State,* 171 Ark. 1118, 287 S. W. 400, in support of his position.

It is apparent from the questions of the court that it was only the intention in asking them to ascertain whether any of the jurors were so prejudiced against testimony procured or given by a detective that they would disregard it, even though they believed it to be reasonable and true, and sufficient, with all the other testimony in the case, to convince them beyond a reasonable doubt of the guilt of the defendant. The jury would have no right, of course, to disregard the testimony of any witness if they believed it to be reasonable and true, and the court assumed, from the silence of the jurors questioned, that they would not arbitrarily disregard such testimony, and held them to be qualified jurors.

This was not an invasion by the court of the peculiar province of the jury to determine the weight and effect to be given the evidence of any witness, nor a usurpation of that function. A large measure of jurisdictional discretion must be allowed the trial court in passing upon the qualification of jurors and ascertaining the state of mind of the jurors under examination affecting their competency. *Jackson* v. *State,* 103 Ark. 21, 145 S. W. 559; *Maclin* v. *State,* 44 Ark. 115. None of the jurors, in fact, answered the question propounded by the court, nor were any of them excused by the court as incompetent, and this assignment of error cannot be sustained.

The error complained of in the admission of the testimony, over appellant's objection, of the sheriff, John C. Lee, relative to the whereabouts of witness Harper, cannot be considered, not having been assigned in the motion for a new trial. *Poe* v. *State,* 168 Ark. 167; 269

S. W. 355; *Owens* v. *State,* 169 Ark. 1118, 278 S. W. 3; *Nordin* v. *State,* 143 Ark. 364, 220 S. W. 473.

The judgment is accordingly affirmed.

In 3463, an appeal by O. G. Stuart from a conviction for the sale of intoxicating liquors, the errors assigned are the same as in the Maroney case, which is decisive herein. The error as to the admission of the testimony of Sheriff Lee relative to having received a telegram from Jonesville, La., from witness Harper, stating that he had had a fall and would not be able to attend the trial, in which he had been recognized to appear, was properly assigned in the motion for a new trial herein.

There was no attempt on the part of the sheriff to relate any statement of the absent witness relative to his knowledge or testimony about the transaction, and certainly no prejudice could have resulted from the sheriff's statement that he had received a telegram from him, showing he was out of the jurisdiction and unable to attend the trial, and the judgment is affirmed.

In 3453, an appeal by Ed Bulah from a judgment of conviction for the sale of intoxicating liquors, only two assignments of error are insisted upon for reversal, the one relative to the questioning of the jurors on *voir dire* as to whether they would arbitrarily disregard the testimony of a detective in the case, having been passed upon adversely to the appellant's contention in the Maroney case, *supra,* is controlling herein.

The other assignment being that the court erred in allowing the introduction of incompetent testimony in permitting Glover, a justice of the peace, to testify from memory and without his docket that Ed Bulah had been convicted in his court on the 17th day of May, 1926, upon a plea of guilty for transporting alcoholic liquors, and Ted Gates, a deputy sheriff, to testify that he had arrested the defendant transporting a quantity of liquor at that time.

The record discloses that, in overruling the objection to the testimony of witness Glover, the court admonished the jury that it should receive with caution his testimony,

and not receive it as tending to show whether or not the defendant is guilty of the specific charge of selling liquor for which he was being tried; that the only reason and purpose for which the evidence could be admitted was to show the course of conduct of defendant. No error was committed in the admission of this testimony, under the admonition of the court to the jury limiting its consideration to the particular purpose, and specially cautioning the jury that it could not be considered as tending to show the guilt of the defendant upon the charge upon which he was being tried. See *Taylor* v. *State,* 169 Ark. 589, 276 S. W. 577; *Mobley* v. *State,* 135 Ark. 475, 205 S. W. 827; *Noyes* v. *State,* 161 Ark. 340, 256 S. W. 63; *Tong* v. *State,* 169 Ark. 706, 276 S. W. 1004.

The same direction was given to the jury about the consideration of the testimony of the deputy sheriff relative to the apprehension of the defendant for transporting liquor, for which he pleaded guilty in the justice court, as was given for the consideration of the testimony of witness Glover, who testified about said conviction, and no error was committed in the introduction of said testimony, since the court expressly limited the jury to its consideration for the particular purpose, and admonished it that it could not consider it for any other purpose

There being no prejudicial error in the record, the judgment is affirmed.