## BEAUCHAMP v. STATE.

### 4-3924

Opinion delivered February 25, 1935.

*Dene H. Coleman,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

MEHAFFY, J. The appellant, Mrs. J. B. Beauchamp, prosecutes this appeal to reverse a judgment of conviction for the crime of selling liquor in Independence County, Arkansas.

Two witnesses testified that they bought whiskey from appellant. Appellant denied that she sold whiskey. There was one witness who testified that the reputation of one of the State's witnesses for truth and morality was not so good.

It is contended by the appellant that the evidence is not sufficient to sustain a conviction. The credibility of the witnesses and weight to be given to their testimony are matters for the jury and not this court. We think the evidence was ample to submit the question to the jury.

It is contended, however, that the judgment should be reversed, because the prosecuting attorney, in his

closing argument, stated: "The attorney for the defendant failed to call to the attention of this jury the fact that there are three more indictments pending in this court against the defendant for bootlegging." This argument was objected to by the appellant. There was no evidence offered as to other indictments, and the only suggestion in the case that there were others pending against appellant, was the statement of the prosecuting attorney.

The court is of opinion that remarks of the prosecuting attorney constitute prejudicial error, for which the judgment should be reversed. This court has said: "These remarks of the prosecuting attorney had no relevancy to the issues to be tried concerning the guilt or innocence of the defendant, and the only effect they could have had upon the jury was to bring to their attention the other indictments against appellant. The prejudicial effect was obvious. The prosecuting attorney had the right, if appellant saw fit to take the stand as a witness in his own behalf, to interrogate him concerning conviction of crime which might affect his credibility as a witness, but the officer had no right to introduce independent proof of those facts, and, on the contrary, was bound by appellant's answers. This is so, even as to convictions, and as to mere indictments for crime it would not have been proper to ask appellants concerning them. At any rate, the prosecuting attorney had no right to narrate before the jury other charges against appellant." *Parnell* v. *State,* 163 Ark. 316, 260 S. W. 30.

For the error indicated, the judgment must be reversed, and the cause remanded for a new trial.

It is so ordered.