### NIVEN *v.* STATE.

Crim. 3911

Opinion delivered March 4, 1935.

*H. Jordan Monk, M. Danaher* and *J. C. Pinnix,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

McHANEY, J. Appellant was indicted for murder in the first degree for the killing of Ray Mead; he was convicted of murder in the second degree and sentenced to twenty-one years in the penitentiary.

For a reversal of the judgment against him, appellant first contends that the court erred in holding that each of six talesmen were qualified jurors, and in requiring him to exercise a peremptory challenge against each of them. As to three of said jurors, the objection is that they testified on their *voir dire* examination that they had formed an opinion as to the guilt or innocence of appellant which would take evidence to remove. They testified further that any opinions they might have were formed from rumors, newspaper articles and common talk on the streets, but not from a discussion of the case with any of the witnesses, or with any person who pretended to know the facts. They also testified that they could lay aside any such opinion they might have, go into the

jury box, and try the case solely on the evidence adduced and the instructions of the court. Such being the case, the court correctly held them to be competent. We have so decided in many cases. Our rule is that a juror is not disqualified in a criminal case where he has a "fixed" opinion which is based upon hearsay testimony, newspaper reports, or mere rumor, even though it would take evidence to remove such opinion, where he states on his *voir dire* that he can and will, if selected, go into the jury box and disregard such opinion, and that he has no bias or prejudice for or against the accused. *Jackson* v. *State,* 103 Ark. 21, 145 S. W. 559; *Corley* v. *State,* 162 Ark. 178, 257 S. W. 750; *Tisdale* v. *State,* 120 Ark. 470, 179 S. W. 650; *Scruggs* v. *State,* 131 Ark. 320, 198 S. W. 694; *Crawford* v. *State,* 132 Ark. 518, 201 S. W. 784; *Mallory* v. *State,* 141 Ark. 496; 217 S. W. 482; *Sneed* v. *State,* 143 Ark. 178, 219 S. W. 1019; *Borland* v. *State,* 158 Ark. 37, 249 S. W. 591; *Maroney* v. *State,* 177 Ark. 355, 6 S. W. (2d) 299. The above cases also hold that the qualifications of a juror rest very largely in the sound discretion of the trial court.

As to the other three jurors to whom objection was made, they stated that they were prejudiced against the use of intoxicating liquor. Inquiry was made of the jurors in this regard because it would be shown in the evidence that appellant was a heavy drinker of intoxicating liquors, and his defense in part rested upon intoxication at the time of the killing. While these prospective jurors stated that they were prejudiced against the use of intoxicating liquor, they further stated that they would try the case fairly and impartially and would not allow their prejudice in this regard to work against the accused. Appellant exercised his right of peremptory challenge and excused said jurors. We cannot say that the court abused its discretion in holding them qualified.

■ It is next urged that the court erred in giving instruction number 7 of its own motion, defining the distinction between murder in the first and second degree. The criticism is that it made no reference to "cooling time," and in defining second degree murder it was erroneous because it confined the provocation to the im-

mediate time of the killing and omitted all reference to provocation at a time so recently before the killing as to render the passion irresistible and from which he had not had cooling time. The language of the instruction criticised is: "* * * but if the killing be wilful, malicious, unlawful and felonious, not in the heat of passion caused by a provocation given at the time and apparently sufficient to render the passion irresistible, but without premeditation and deliberation, it would then be murder in the second degree."

An examination of the instruction shows that it is not open to the objection raised, for, in reference to that part of the instruction referring to murder in the first degree, the instruction reads: "and not committed in self-defense or by reason of a provocation received at the time of the act, or immediately before it, which would reduce it to manslaughter, then it would be murder in the first degree." Only a general objection was made to said instruction, and the court gave at appellant's request instruction number 10, covering the exact point more fully. The court there said: "* * * and you further believe that, while induced by and because of such irresistible passion, the defendant without malice and deliberation, and before sufficient time had elapsed for his passion to cool, shot and killed the deceased," etc. No reversible error was committed in giving said instruction.

■ Criticism is also made of other instructions given, and requested instructions refused, all of which we have examined and find such criticism without merit.

■ Error is also assigned in the refusal of the court to permit Dr. Pat Murphey to testify as to why he refused to testify as an expert witness in the Mason Philpot case, that is, that he did not believe Philpot insane. No error was committed in this regard as it tended to bolster up his own witness, was irrelevant, immaterial and had nothing to do with the case on trial. Testimony was also offered and excluded showing the record of Fred Niven, a brother of appellant, made by the State Hospital for Nervous Diseases while he was confined therein. No error was committed in this regard as the sanity of Fred Niven was not in issue and did not tend to show appel-

lant's insanity, which was a defense in the action. No error was committed in requiring Dr. Pat Murphey to testify on cross-examination as to what fee he expected for his testimony as an expert witness in this case. It tended to show his interest and went to his credibility as a witness.

We have carefully considered all the errors assigned and argued, and find no reversible error. The evidence was amply sufficient to support the verdict, and the judgment must be affirmed.