CROFT *v.* STATE.

4211                                   152 S. W. 2d 563

Opinion delivered June 16, 1941.

720

*Bratton & Coleman,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

SMITH, J. This is an appeal from a judgment sentencing appellant to a term of one year in the state penitentiary upon his trial, in which he was charged with the crime of grand larceny. For the reversal of this judgment only two errors are assigned which are of enough importance to require discussion. These are: (1) That the testimony is not sufficient to support the verdict; and (2) That error was committed in the cross-examination of appellant, which the court permitted over the objection and exception of appellant.

The testimony on the part of the state was to the effect that appellant stole from the person of Roy Davis a bill fold containing $23 or $24. Davis and appellant met at a roadhouse, where beer was sold, and both were drinking heavily. They went to the restroom, and Davis testified that as he stepped on the second step going into the restroom, appellant ran his hand into Davis' hip pocket and extracted the bill fold containing the money. Davis testified that he made no protest at the time, because appellant was armed, but when he returned to the main room he asked "If there was no law there," and accused appellant of having robbed him. He borrowed a dime to pay for a telephone call to the State Police. But before the officers arrived appellant returned to the restroom and threw the bill fold away. Appellant denied

having stolen the money, and he and Davis engaged in a fight. When the officers arrived they searched for and found the bill fold about where Davis said it had been thrown.

This testimony, if accepted as true, as it evidently was, is sufficient to sustain the verdict.

Testimony on the part of appellant sharply conflicted with this testimony, and was to the effect that appellant did not steal the bill fold containing the money. It is unnecessary to recite this testimony in detail, as the conflicts presented by the testimony were, of course, questions for the jury.

On his cross-examination appellant was asked about another incident which had occurred previously in Missouri. Over appellant's objection the following cross-examination was permitted: "Q. Let me ask this and for the purpose of impeachment, not long before this happened, didn't they swear out a warrant for you robbing a man in Missouri and didn't they take you back and you all pay $140 for that? Answer yes or no. A. No, sir. Q. You were arrested and taken back? A. I wasn't arrested. Q. Didn't you pay $140 to get out of what the gentleman charged? A. Yes, sir. Q. You remember that old man you took from here to Monette and after you got him asleep you took $160 off of him? A. No, sir, I found $106—$103 laying on the floor board loose and the man was drunk and I taken his wife back down there the next day. Q. You and your brother went back the next day? A. This man—I come to get his wife. He come here on business after his wife and he give me $5 to get his wife and bring her back. If she wouldn't go to come back and tell him. Q. I am not asking so much about that, but how much did you and your brother pay to keep from answering that? A. $160. Q. That is all. A. And that man, he didn't say that I got it. Q. If you didn't get it, why did you give him the money? A. Would you rather somebody would lock you up in jail? Q. I never tried it. If you didn't get the money, why did you give the money back? A. I didn't get it and I didn't feel like laying in jail. Q. And you didn't get this off of Davis either? A. No, sir."

It is insisted, upon the authority of the cases of *Parnell* v. *State,* 163 Ark. 316, 260 S. W. 30, and *Beauchamp* v. *State,* 190 Ark. 440, 79 S. W. 2d 267, that this cross-examination was erroneous and prejudicial and calls for the reversal of the judgment.

From the first of these cases appellant quotes as follows: "We have frequently held that it is improper to permit a witness to be interrogated concerning mere accusations, or indictments for crime." And from the second case appears the following quotation: "The prosecuting attorney had the right if appellant saw fit to take the stand as a witness in his own behalf, to interrogate him concerning conviction of crime which might affect his credibility as a witness, but the officer had no right to introduce independent proof of those facts, and, on the contrary, was bound by appellant's answers. This is so, even as to convictions, and as to mere indictments for crime it would not have been proper to ask appellant concerning them. At any rate, the prosecuting attorney had no right to narrate before the jury other charges against appellant."

It is recited in the opinion in this Beauchamp case, *supra,* that the prosecuting attorney, in his closing argument, stated: "The attorney for the defendant failed to call to the attention of this jury the fact that there are three more indictments pending in this court against the defendant for bootlegging." It was this statement of the prosecuting attorney which was held erroneous and for which error the judgment was reversed.

Here, appellant was not interrogated concerning the accusation of another crime or an indictment charging one, nor was any independent testimony offered to the effect that he had been accused of or indicted for the commission of another crime. His cross-examination concluded the inquiry as to the other crime. In permitting this cross-examination the court admonished the jury that it could be considered only as affecting the credibility of the witness. As thus limited, many cases have held that the cross-examination was proper. A recent case, citing others to the same effect, is that of *Phillips* v. *State,* 190 Ark. 1004, 82 S. W. 2d 836.

No error appears, and the judgment will be affirmed.