## STATE v. LAMPHERE.

Rev. Code Cr. Proc. § 166, authorizes a challenge to the panel only on the grounds that the requisite number of ballots were not drawn from the jury box of the county or subdivision, that notice of the drawing of the grand jury was not given, and that the drawing was not had in the presence of the proper officers or in the manner prescribed by law; and section 263 provides that an indictment must be set aside, when defendant has not been held to answer before the finding thereof, on any ground which would have been good ground for challenge to the panel or an individual grand juror. *Held*, that objections to an indictment that the grand jury was "illegally drawn, organized, and impaneled," and that when it was about to be impaneled only two of the eight names drawn appeared, whereupon the court gave to the sheriff the names of six others, who were summoned and composed, with the two, the grand jury, were not recognized by the statutes and were insufficient to sustain a motion to quash an indictment returned by such jury.

A motion to quash on the ground that there was no grand jury, because there were not in the box the names of 200 qualified jurors at the time the grand jury was drawn under the order of the court for that term, was insufficient, as the ground of challenge allowed by the statute relates, not to the number of names placed in the box, but to the ballots drawn therefrom.

Const. art. 6, § 7, entitles an accused to a speedy trial. Rev. Code Cr. Proc. § 630, declares that, if a defendant prosecuted for a public offense, whose trial has not been postponed on his application, is not brought to trial at the next term of court in which the indictment or information is triable, the court must order the prosecution dismissed, unless no cause is shown to the contrary; and section 395 provides that, where the jury disagree, the cause may be again tried at the same or another term, as the court may direct. *Held*, that where accused was on bail, and after one disagreement applied for a change of judge, but took no steps to prevent the adjournment of his case for several terms, nor to procure an earlier retrial, he was not entitled to a discharge for delay.

(Opinion filed, Oct. 24, 1905.)

Error to Circuit Court, Lyman County. Honorable FRANK B. SMITH, Judge.

A. M. Lamphere was convicted of grand larceny of a cow and two sucking calves, of the value of $55, the property of one Philip Nuss, and he brings error. Affirmed.

*G. P. Harben, B. C. Huddle,* and *Horner & Stewart,* for plaintiff in error. *Philo Hall, Attorney General (Aubrey Lawrence,* of counsel), for the State.

HANEY, J. The defendant moved to have the indictment in this action set aside on the following grounds: "(1) Because the grand jury which found said indictment was illegally drawn, organized, and impaneled. (2) Because there was not in the jury box the names of 200 qualified jurors at the time said grand jury was drawn under the order of said court for said term. (3) Because, when said grand jury was about to be impaneled and sworn, only 2 of the 8 names drawn appeared, and thereupon, instead of ordering the sh riff to summon 6 other jurors from the body of the county or from the bystanders, as provided by law, the court gave the said sheriff the names of 6 men to serve, and the said 6 men so named by the court, together with the other 2, composed the grand jury finding said indictment."

"The indictment or information must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases: * * * (4) When the defendant has not been held to answer before the finding of the indictment, on any ground which would have been good grounds for challenge, either to the panel or any individual grand juror." Rev. Code Cr. Proc. § 263.

"A challenge to the panel may be interposed by either party for one or more of the following causes only: (1) That the requisite number of ballots was not drawn from the jury box of the county or subdivision. (2) That notice of the drawing of the grand jury was not given. (3) That the drawing was not had in the presence of the officers designated by law, or in the manner prescribed by law." Id. 166.

Neither the first nor the third ground of the defendant's motion was well taken, for the reason that it specifies no objection to the method of selecting the grand jury which is recognized by the statute as a ground of challenge to the panel. The second is untenable,

because the ground of challenge allowed by the statute relates to the number of ballots drawn from the jury box, and not to the number of names placed therein. If, in the selection of this grand jury, there was any departure from what may be considered as commendable or strictly statutory methods, it certainly cannot be successfully contended that any substantial right of the defendant was prejudiced thereby. He having been convicted of the crime charged, it cannot be assumed that no indictment should have been returned, or that none would have been, if the grand jury had been otherwise selected. It does not appear that either one of the jurors composing the panel was disqualified. As the accused might have been put upon his trial without the intervention of a grand jury, no constitutional right was invaded. There was, therefore, no valid reason for going beyond the plain provisions of the statute in search of grounds for setting aside this indictment, and the court below committed no error in overruling the defendant's motion.

The abstract discloses this state of facts: The indictment was returned December 16, 1901. At a special term held in February, 1902, the action was tried and the jury disagreed. The defendant at that time was present in court with his witnesses and ready for trial. The court, without any showing or attempted showing of cause, and for no good or valid reason, adjourned the term without day, and said case was not tried at that term. Thereafter, and on the 17th day of June, 1902, the circuit court of the Fourth Judicial circuit, State of South Dakota, in and for Lyman county, convened in regular session according to law and opened a regular term according to law. On the call of the trial calendar at the opening of court, the plaintiff in error filed an affidavit of prejudice and prayed a change of judges. The defendant was present with his witnesses ready for trial, but said court, without any showing or attempted showing of cause, and for no valid or legal reason, failed to call the case for trial or to try the same, and adjourned the term without day without a trial of said case. Thereafter, and on the 9th day of June, 1903, the circuit court of the Fourth judicial circuit, State of South Dakota, in and for Lyman county, convened in regular session according to law and opened a regular term according to law.

The defendant was present with his witnesses ready for trial, but said court, without any showing or attempted showing of cause, and for no valid or legal reason, failed to call the case for trial or to try the same, and adjourned the said term without day, without a trial of said case. Thereafter, and on the 14th day of June, 1904, said court convened a regular term at the county seat of Lyman county. On the 29th day of June, 1904, this said case of the State of South Dakota v. A. M. Lamphere was called for trial. At said time, and before the impaneling of a jury to try the case, the defendant moved the court to dismiss the action and to discharge the defendant, as follows: "Now comes the defendant, and upon the above affidavit and the files and records of said cause moves the court for an order dismissing said action, for the reasons set forth in section 630 of the Code of Criminal Procedure of South Dakota." In support of such motion defendant read the following affidavit: "A. M. Lamphere, being first duly sworn, upon oath says that he is the defendant in the above action; that he is being prosecuted in said action for a public offense, to-wit, the crime of grand larceny; that the indictment in said cause was found and filed at the special December term, A. D. 1901, of said court, and that said cause was triable at said term; that at the adjourned February term A. D. 1902, of said court the said cause was tried by a jury, resulting in a mistrial; that at the June, A. D. 1902, term of said court the defendant made application for a change of judges, based upon the affidavit of prejudice, and that the same was granted; that said cause was triable at said June term, 1902, of said court, but was not tried at said term, nor has the same been brought to trial by the prosecution since that time; that said cause has not been postponed at any time upon affiant's application." In opposition thereto the state introduced the following affidavit: "J. G. Bartine, being first duly sworn, on his oath says that he is the state's attorney of Lyman county, S. D.; that at the time the affidavit of prejudice was made by the defendant at the June term, 1902, and after the filing of the affidavit for change of Judge, there was no reasonable time elapsed in which another judge to try the said case could be procured; that at the next and only term thereafter, to-wit, the June term, 1903, there were over 30

criminal cases on the court calendar, and that it took most of the term to try the cases in which there were defendants in the county jail, and that the court adjourned leaving very many cases unfinished that were in fact ready for trial by both the state and the defendants; that there was no other judge present at the June term of said court; that the judge of this circuit, Frank B. Smith, has told this affiant that he found it almost impossible to get a judge to come in and try the cases of the June term, it being a very busy time among the circuit judges, and there being nothing to compel another judge to assume the duty of taking up such cases; that, so far as this affiant was able to learn, the defendant was satisfied in June of 1902, and June of 1903, to have this case continued and passed, for nothing was ever said to the affiant showing that he wanted the case called; that it is no fault of the prosecution that the case has not been tried, for they have in this case been ready at each term since the indictment was found. Affiant further says that he believes that there would be no justice done to any one by the dismissal of this case."

Section 630, Rev. Code Cr. Proc., reads as follows: "If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown." Where the jury disagree "the cause may again be tried at the same or another term as the court may direct." Rev. Code Cr. Proc. § 395. The Bill of Rights provides that in all criminal prosecutions the accused shall have the right "to a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." Const. art. 6, § 7. As to what constitutes a speedy trial, and what action must be taken by the accused to avail himself of the right to a dismissal because of delay, the authorities are conflicting. Except in so far as statutes may otherwise require, we think the rule should be that a demand for trial, resistance to postponement, or some other effort to secure a speedy trial on the part of the accused, should be shown to entitle him to a discharge on the ground of delay. 12 Cyc. 500..

All our statute requires is a trial at the next term after the finding of the indictment, unless for good cause shown or upon application of the accused it be postponed. It does not declare that in case of a disagreement a second trial must be had at the next succeeding term. Nevertheless, under the Constitution, another trial should follow a disagreement with reasonable speed or the action should be dismissed. What is reasonable speed depends upon the circumstance surrounding each particular case. There is, therefore, nothing in our statutes or Constitution which precludes recognition of the rule that, where cne trial has taken place in compliance with the statute, which has resulted in a disagreement, it is incumbent upon the accused to at least manifest a desire for another trial before he is entitled to a dismissal on the ground of delay. Ordinarily, where the accused has been admitted to bail, delays are more injurious to the prosecution than to the defense; and, where disagreement occurs, immediate retrials are neither demanded nor desired by the defendant. The statute in this case having been complied with, and the accused having made no effort to secure another trial, he having been admitted to bail, we think the motion to dismiss for want of speedy prosecution was properly denied.

The judgment of the circuit court is affirmed.