COLLISON, Respondent, v. DAVIS, et al, Appellant.

(156 N. W. 786)

(File No. 3842. Opinion filed March 13, 1916. Rehearing denied May 27, 1916.)

1. **Sales—Custom as to Delivery of Live Stock, As Affected by Contract—Instruction Ignoring Oral Evidence.**

Where the evidence showed existence of a custom among cattle dealers that a buyer could fix the time of delivery between the dates named in the contract, except where a seller expressly reserves the right to fix such date, **held,** in an action for damages for non-delivery of cattle sold to plaintiff, where

the only disputed question of fact was whether defendants reserved such right, that an instruction that, if a check for part payment was accepted by the sellers with certain writing on the back of it to the effect that the delivery was to be between two specified dates, they were bound by it as part of the agreement, in connection with a further instruction that known customs relating to the subject of a contract, enter into and form part of every contract, although not mentioned or alluded to therein, was erroneous, as ignoring a question of fact; it not being contended by either party that the writing on the check constituted a completed contract, and oral evidence as to terms and conditions of the sale having been offered by both parties and received without objection.

2. **Trials—Review—Certified Transcript of Full Proceedings—Erroneous Instructions, Presumption as to Other Curative Instructions—Record.**

Where a transcript on appeal did not contain all instructions given by trial court, but was certified as containing a full and true transcript of the trial proceedings, as far as material to full determination of the assigned errors, held, the Supreme Court will presume that no other instructions were given by trial court which would change the effect of the erroneous instructions excepted to.

3. **Appeals, Settled Record, Alleged Erroneous Punctuation—Conclusiveness of Certified Record.**

The Supreme Court being bound by the record on appeal, held, that if the trial court had inadvertently certified to an incorrect and misleading punctuation of its instruction, respondent's remedy, upon discovery of the error, would have been to apply to Supreme Court to return the record for correction by trial court.

4. **Evidence—Live Stock Sold on Future Delivery—Counterclaim for Non-acceptance of Live Stock—Exclusion of Evidence—Admissibility.**

Where in a suit for damages for non-delivery of livestock sold, the trial court erroneously refused to submit to jury, under proper instructions, the issue as to whether the sellers reserved the right to fix date of delivery, held, that it was error to exclude testimony offered by the sellers under a counterclaim for damages for expenses of keeping and shrinkage in weight of the livestock, as being incompetent and immaterial.

Action by Chris. Collison, against William J. Davis and another, to recover damages for non-delivery of live-stock sold to

plaintiff. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed and remanded.

*Gardner & Churchill*, for Appellants.

*A. W. Wilmarth*, for Respondent.

(1) To point one of the opinion, Appellants cited: Idaho Co. v. Kalanquin (Idaho), 66 Pac., 933; Fellows v. Christianson, 28 S. D., 353; McKinnon v. Central Co. (Mich.), 120 N. W., 26; Cobb v. Dunlevie (W. Va.) 60 S. E. 384.

(3) To point three of the opinion, Appellants cited: Shager v. Dinneen 33 S. D. 116; State v. Harbour (S. D.) 129 N. W. 565.

SMITH J. Action for damages for nondelivery of 40 head of steers contracted to be purchased by plaintiff from defendants July 20, 1912, on which date plaintiff delivered to defendants in part payment a check for $200. On the back of the check were written the words: "Payment on 40 steers from 60 head, delivered in Wolsey, between 1st of October and 1st of November, at $5.40 pr. D." It is conceded that "$5.40 pr. D" means $5.40 per hundred weight. Plaintiff called for and demanded delivery of the steers on October 13th, at which time he was informed that defendants had sold the entire bunch on October 9th. It is conceded that the cattle were to be delivered to plaintiff at some time between October 1st and November 1st; the precise issue being whether under the contract of sale the plaintiff or defendants tween October 1st and November 1st, and that under an existing custom and usage among dealers in this state, and in the locality where this purchase was made, where cattle are sold or purchased to be delivered between two dates, the buyer has the right to fix the particular time of delivery between such dates.

(1) It was shown by practically undisputed evidence that such a custom exists in the cattle trade, except where by the particular contract of purchase and sale the seller reserves the right to fix the date of delivery. It was the contention of defendants that at the time the contract of purchase and sale was entered into they expressly reserved the right to deliver the cattle at any time between October 1st and November 1st, and that they tendered delivery within the dates named, and before disposing of the cattle to other parties. Plaintiff conceded the tender; his only conten-

tion being that the right to fix the date of delivery was not reserved to defendants in the contract of sale, and that under the existing custom he was not required to accept delivery at the time it was tendered. The only disputed question of fact therefore was as to the terms of the contract of sale. The check with the written indorsement referred to was offered and received in evidence. Defendants conceded liability for the $200 paid on the purchase price. Appellants assign as error the following instruction by the trial court:

"There is in evidence a check marked: 'Exhibit 1.' On the back of this certain writing has been done which was proved by the plaintiff was upon the instrument when it was delivered. If this check was accepted by the defendant with this upon it, they are bound by this as a part of the agreement."

Appellant excepted to this instruction on the ground that:

It "points out a particular part of the evidence in the case, gives undue prominence thereto, and charges the jury that, if defendant accepted the said check with the writing indorsed thereon, they are bound by said writing, notwithstanding the fact that such writing is ambiguous, uncertain, and not controlling in the case."

Appellant also urges that this instruction was misleading and prejudicial in that it ignored the real issue of fact arising upon the oral evidence, which disclosed the actual terms and conditions of the contract. It is not contended by either party that the writing on the check constituted a complete written contract. On the contrary, oral evidence as to the terms and conditions of the sale was offered by both parties and received without objection. There was a direct conflict in this evidence. The defendants' evidence was to the effect that in the oral contract of sale they expressly reserved the right to deliver the cattle at any time between October 1st and November 1st, the reservation of which right, they allege, had to do with the maturing of their growing corn crop, which was uncertain at the time of the sale, in July. Plaintiff admits a conversation as to this corn crop at the time of the sale, but denies that defendants reserved the right to deliver the cattle as claimed by them. The effect of this instruction upon the minds of the jury must have been to give them the impression that defendants were bound by the writing on the check as a part

of the contract, regardless of the other oral evidence when considered in connection with a further instruction excepted to by appellant, which is as follows:

"The court instructs the jury as a matter of law that, when a contract is entered into, the parties are supposed to have reference to the known usage and customs which enter into or govern the business or such matter to which the contract relates, if there is any such usage and custom, unless such presumption is rebutted by the agreement itself. Such customs as are universally known to exist *enter into and form a part of every contract* to which they are applicable, although they are *not mentioned or alluded to in the contract.*" (The italics are ours.)

The two instructions, one as to the writing on the check, and the other that such a custom, when shown to exist, forms a part of contract, although not mentioned or alluded to in the contract itself, might readily lead the jury, as we think it did, to the erroneous conclusion that this writing and the custom or usage which was in fact proved, taken together, would constitute an entire contract binding on defendants, regardless of the oral evidence relating to the actual terms and conditions of the sale. The real issue of fact for the jury lay in the oral evidence as to the terms of the oral contract of sale, and neither the writing nor the evidence tending to prove a custom, nor both taken together, was decisive of the case.

[2] Respondent contends that, because appellants have not set out the whole of the court's instructions in the printed record, error, if apparent in the paragraphs excepted to, is not shown to be prejudicial because the instructions complained of may have been qualified or explained in other portions of the instructions. It is perhaps settled in this state that appellant's statement must affirmatively show prejudicial error. If however, the trial court, in fact, gave other instructions which properly and sufficiently submitted the issue of fact arising upon the oral testimony as to whether at the time of the sale the defendants expressly reserved the right to fix the date of delivery, the giving of such instruction would be a part of the proceedings at the trial, material in determining whether the erroneous portions of the instructions were prejudicial.

The printed record in this case contains a statement that it

contains a full, true, and correct transcript of the proceedings had at the trial, as certified to by the trial judge, so far as the same are material to a full determination of the errors specified in the assignments. Upon such a statement and certification we must assume that no other instructions were given by the trial court which would change the effect of the portions excepted to.

[3] Respondent questions the correctness of the instruction as quoted in appellant's abstract, and contends that a different punctuation suggested in respondent's brief would materially change the meaning and effect of the instruction. An examination of the settled record discloses that the instruction as it appears in appellants' brief is correctly quoted. The foregoing excerpts are the only portions of the instructions which were excepted to, and they were transcribed and became a part of the settled record. The record before this court, including the errors alleged in the charge, is certified to by the trial judge as "a full, true, complete and correct settled record of the case * * * so far as the same is material to a full determination of the errors specified in the assignments of error hereto attached."

This court is bound by the record. If respondent discovered that through inadvertence or otherwise the trial court had certified to an incorrect and misleading punctuation of its instructions, the proper remedy would have been an application to this court to return the record for correction by the trial court. In the view we take of this case, however, the matter is immaterial, as we are convinced the instructions would be erroneous and prejudicial in either form.

[4] Defendant also interposed a counterclaim for the expense of keeping and for alleged shrinkage in weight of the steers between the time of alleged tender to plaintiff on September 30th and the time of the sale to a third party on October 9th. Testimony offered under this counterclaim was excluded by the trial court upon the objection that it was "incompetent under the issues in this case and immaterial." This ruling is assigned as error. If the issue of fact as to whether or not defendants expressly reserved the right to fix the date of delivery, had been submitted to the jury under proper instructions, and the jury had found in favor of defendants upon that issue, evidence tending to sustain the allegation of the counterclaim was certainly

competent under the issues. Such evidence should have been received and submitted to the jury under instructions that it was to be considered only in the event that they should find that defendants by the oral contract specifically reserved the right to fix the date of delivery of the cattle. It follows that exclusion of evidence tending to prove the counterclaim, upon the ground that such evidence was incompetent under the issues and immaterial, would be erroneous. The record is not clear as to the reasons for the exclusion of this evidence, and we refer to it only for the purpose of obviating possible error upon a new trial. We are also of opinion that the exclusion of this evidence may have strengthened the misleading effect of the instruction hereinbefore referred to.

The judgment of the trial court is reversed, and the case remanded for a new trial.