STATE, Respondent, v. SHEVLIN, Appellant.

(195 N. W. 508.)

(File No. 5334.   Opinion filed October 18, 1923.)

1. **Prosecuting Attorneys—Appointment of Substitute Because Defendant Had Brought Civil Action Against States Attorney Held Not Error.**

   The appointment of a substitute for the states attorney, under Rev. Code 1919, Sec. 6004, on the ground that the defendant had brought a civil action for damages against the states attorney, held not error, in the absence of a showing as to the nature of the civil action.

2. **Criminal Law—Witnesses—Action of Court in Being Sworn and Testifying for Purposes of Making Record of What Transpired Held Not Prejudicial to the Defendant.**

   The action of the court in being sworn and testifying to what was said when a substitute was appointed for the states attorney, instead of merely certifying a record of what had transpired, held not prejudicial to the defendant.

3. **Jury—Trial—Refusal of Defendant's Request That Panel Be Completed Before Drawing of. Jurors Held Not Error.**

   The refusal of defendant's request that jury panel be completed before the drawing of jurors was not error, in the absence of a showing that there were fewer than 24 prospective jurors present, under Rev. Code 1919, Sec. 4830.

4. **Jury—Trial—Calling of Additional Jurors, Where There Are Fewer Than Twenty-four Prospective Jurors Present, Is Within the Sound Discretion of the Court.**

   Where there are fewer than 24 prospective jurors when the case is called for trial, it is within the sound discretion of the court to call additional jurors. under Rev. Code 1919, Sec. 4830.

5. **Criminal Law—Appeal and Error—Instructions—Assignments of Error Relating to Instructions Not Considered in Absence of Charge, as Given, in Appellant's Brief.**

   Assignments of error challenging the refusal of certain instructions and the giving of other instructions will not be considered where appellant's brief does not contain the charge as given.

6. **Indictment and Information—Criminal Law—Verdict—Defendant Charged with "Assault with Intent to Kill" Can Be Convicted of Simple Assault.**

   A defendant charged with assault with intent to kill can be convicted of simple assault under Rev. Code 1919, Sec. 4077;

simple assault being one of the lesser offenses included in the offense of assault with intent to kill.

**7.  Assault and Battery—Evidence—Criminal Law—Evidence Held to Sustain Conviction for Assault.**

Evidence held to sustain conviction for assault under Rev. Code 1919, Sec. 4077.

Appeal from Circuit Court, Fall River County, Hon. WAL-TER G. MISER, Judge.

J. W. Shevlin was convicted of assault, and, from the judgment of conviction and order denying a new trial, he appeals. Affirmed.

*Chas. S. Eastman,* of Hot Springs, for Appellant.

*Buell F. Jones,* Attorney General, and *Ray F. Drewry,* Assistant Attorney General, for Respondent.

(1)  To point one of the opinion, Appellant cited: Chap. 9, Laws 1905; Const., art. 9, sec. 5; Const., art. 5, sec. 24; Sec. 6014, Laws 1919; Sec. 6004, Rev. Stat. 1919; State v. Flavin, 35 S. D. 530; Fleming v. Hance, 155 Cal. 162, 94 Pac. 620; Rev. Code 1919, Sec. 5998; People v. Bollam, 182 Ill. —; State v. Moreaux, 254 Mo. 398, 162 S. W. 158.

Respondent cited: County of Grant v. Jones, 43 S. D. 9; State v. Johnson, 24 S. D. 592; 18 C. J. 1339, Sec. 82; 18 C. J. 1312, Sec. 39.

(5)  To point five, Respondent cited: State v. Devers, 32 S. D. 473, 143 N. W. 364; Peterson v. Miller, 33 S. D. 399.

(7)  To point seven, Appellant cited: State v. Peterson, 29 S. D. 629; Territory v. Conrad, 1 Dak. 363; State v. Callin, 36 S. D. 396.

Respondent cited:  5 C. J. 729; 22 Cyc. 472; State v. Peterson, 23 S. D. 692; State v. Finder, 10 S. D. 103, 72 N. W. 97; People v. Odell, 1 Dak. 189, 46 N. W. 601; Alyea v. State (Neb.), 86 N. W. 1066; Turner v. Judge (Mich.), 50 N. W. 310; Moore v. People, 26 Ill. App. 137; State v. Cotton, 36 S. D. 396, 155 N. W. 8.

GATES, J.  Under the charge of assault with intent to kill, defendant was convicted of the crime of assault. Rev. Code 1919, § 4077. He appeals from the judgment and order denying new trial.

[1]  The first alleged error is predicated upon the substitution

of another attorney for the states attorney for the purposes of the trial. It appears that defendant brought a civil action for $50,000 damages against C. A. Wilson, S. E. Wilson, and one Coleman. C. A. Wilson was the states attorney. By reason of the pendency of this action the states attorney deemed himself disqualified to try this case, and asked the court to appoint a substitute, and the court appointed a substitute. Appellant relies upon State v. Flavin, 35 S. D. 530, 153 N. W. 296, Ann. Cas. 1918A, 713. There is nothing in that case which conflicts with the power given the court by section 6004, Rev. Code 1919, to appoint a substitute when the states attorney is disqualified. But the appellant says that the pendency of the action for damages did not constitute a disqualification. The record fails to disclose the nature of that action. Without more we cannot say that the trial court erred in holding that the states attorney was disqualified.

[2] The court reporter did not take down the statements made by the attorneys and the court relative to the above matter. Instead of merely certifying a record of what had transpired, the trial judge, on the next day, was sworn and testified to what had been said. This is assigned as error. We can percieve no possible prejudice to appellant by the making of a record in this manner.

[3, 4] It appeared that the jury panel was complete, except that three had been excused. Appellant asked that the panel be completed before the drawing of the jurors, which request was denied. Such denial is urged as error. It does not appear that there were less than 24 prospective jurors then present. Rev. Code 1919, § 4830. Even if there had been less than 24, the calling of additional jurors would have been within the sound discretion of the trial court. No prejudice to appellant is attempted to be shown because of the ruling.

[5] Other assignments of error challenge the refusal of the court to give certain instructions, and also the giving of certain instructions to the jury, but as the charge to the jury as given is not set forth in appellant's brief we do not consider such assignments. State v. Rathjin, 46 S. D. 412, 193 N. W. 247.

[6, 7] By his last assignment of error appellant in effect complains, because he was not convicted of a greater offense than mere assault. He says:

"Under the evidence in the case at bar the jury were authorized to bring in a verdict of assault with a deadly weapon with intent to kill; an assault and battery, or a battery. But the defendant was in effect, by the verdict of the jury, acquitted of all three of these offenses. If the defendant was guilty of anything in this case, it was more than an 'unlawful attempt or offer, with force or violence, to do a corporal hurt to another,' as a simple assault is defined. It was at least 'the unlawful use of force or violence upon the person of another,' as a battery is defined. Hence if there was no evidence on which to base a verdict of simple assault, viz., no evidence of an offer to do a corporal hurt to another without carrying it into effect, then this verdict is not within the evidence and therefore against law, and the defendant having been acquitted of the other and higher offenses should be discharged."

Simple assault is one of the lesser offenses included in the one contained in the information. State v. Finder, 10 S. D. 103, 72 N. W. 97; People v. Odell, 1 Dak. 189, 46 N. W. 601. The complaining witness, Anderson, testified that without provocation by any act of his the appellant pulled a gun from his hip pocket, cocked it, and shot him in the back of the head. Appellant testified that Anderson grabbed a wrecking bar, uttered a vile epithet, and started for appellant; that appellant reached in a drawer and got the gun; that Anderson stopped when he saw that appellant had a gun; that appellant walked over and jerked the bar out of Anderson's hand and at the same time hit him on the head with the gun; that the impact of the gun on Anderson's head discharged it; and that appellant had no intention of discharging it. The jury evidently believed that appellant was the aggressor, but that he did not intend to shoot Anderson. We are not disposed to interfere with the verdict of the jury, nor with the judgment of the trial court based thereon. State v. Finder, supra.

The judgment and order appealed from are affirmed.

Note.—Reported in 195 N. W. 508. See, Headnote (1), American Key-Numbered Digest, District and prosecuting attorney, Key-No. 3(1), 18 C. J. Sec. 82; (2) Criminal Law, Key-No. 1166½ (1), 17 C. J. Sec. 3637 (1924 Anno.); (3) Jury, Key-No. 80, 24 Cyc. 252; (4) Jury, Key-No. 72(1), 24 Cyc. 233; (5) Criminal Law, Key-No. 1130(2), 17 C. J. Sec. 3994; (6) Indictment and information, Key-No. 198(3), 31 C. J. Sec. 511; (7) Assault and battery, Key-No. 91, 5 C. J. Sec. 328.

The competency of a judge as witness in a cause on trial before him is discussed in notes in 31 L. R. A. 465 and L. R. A. 1915F, 766.

On right of accused in criminal case to full panel from which to select jury, see note in L. R. A. 1916A,. 814.

On charge of assault as being included in prosecution for homicide, see notes in 21 L. R. A. (N. S.) 1 and 43 L. R. A. (N. S.) 813.