STATE, Respondent, v. SANGSTER, Appellant.

(223 N. W. 325.)

(File No. 6549. Opinion filed January 26, 1929.)

(Rehearing denied March 2, 1929.)

*F. P. Matz,* of Huron, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

CAMPBELL, J. Defendant was indicted by a grand jury, charged with having committed the crime of adultery on April 12,

1925. He was tried upon his plea of not guilty, found guilty by the verdict of a jury, and judgment entered thereon. From that judgment and from the denial of his motion for a new trial, he appeals.

Appellant predicates error upon the refusal of the court to allow a challenge for cause to a juror; upon certain rulings with reference to admission of testimony; and upon the giving of a certain instruction over his objection.

■ With reference to the matter of challenge to the juror the record shows the following examination of the juror by appellant's counsel:

"Q. You told me that the fact that the state had filed an indictment charging Mr. Sangster with this crime, that you would consider that that was evidence against him now. A. Yes, sir.

"Q. And you would require the defendant to produce some evidence to show why he is here, and why this indictment was filed against him—would you require him to put in evidence? A. I would."

Thereupon appellant's counsel interposed a challenge for cause. The record then shows the following examination of the juror by the state's attorney:

"Q. Mr. Rohrer, if the Court should instruct you that this indictment was not to be taken as evidence, but that the defendant was presumed innocent until proven guilty, would you follow that instruction of the Court? A. Yes, sir.

"Q. And if the Court told you that you should start with the idea that the defendant was not guilty, and that he didn't have anything to explain, and should keep the idea in your mind that he was innocent, and that he was not guilty until such time as the State had proved to your mind beyond any reasonable doubt that he was guilty, would you follow that instruction? A. Yes, sir.

"Q. Have you any opinion now as to the merits of the case, that is, have you some idea as to whether or not this man is guilty or not guilty? A. No.

"Q. And if the Court tells you, that you are not to consider this indictment as evidence, you can put it out of your mind, can you? A. Yes, sir."

Thereupon the state resisted the challenge and the trial judge himself made some inquiries of the juror, in response to which the

juror stated in substance that, if the court instructed that it was the law in all criminal cases that a man is presumed innocent until the state proves his guilt beyond a reasonable doubt, he would understand that instruction and would follow it; that he now understood it to be the law that an indictment is not evidence against any one, but is only a charge, and that the state must prove by evidence in the case that a man is guilty before a jury can find him guilty; and that he now understood it to be the law that from the very start of the trial to the finish of it a defendant is presumed to be innocent until the contrary is proved beyond a reasonable doubt, and that such presumption of innocence carries all through the trial until it is overcome by the state by evidence; that he would follow that rule in this case. Whereupon the court denied the challenge. That this ruling of the learned trial judge was correct is too clear to admit of argument. See State v. Church, 6 S. D. 89, 60 N. W. 143; State v. Mitchell, 46 S. D. 272, 192 N. W. 487.

 Upon cross-examination of the complaining witness appellant's counsel asked this question: "Who took you to those dances here in Huron along in the winter of 1925?" Objection was made upon the ground that the question was "immaterial, not proper cross-examination unless confined to a period within the time brought out in the direct examination." Thereupon the following offer was made by appellant's counsel: "Let the record show that we offer at this time to prove that this girl kept company and was engaged to a man during the winter of 1925; that on or about the middle of March, 1925, he left and went to Watertown; that the prosecuting witness followed him to Watertown, and there requested him to marry her and stated to him that she would go home and see an attorney and sue him for breach of promise; that she attended dances all during the winter of 1925, and was accompanied by this man at different dances; that she would go out riding during the winter of 1925 and summer of 1924 with this man alone, and remain out until late at night. Defendant offers to prove by this witness that she made statements about the time that she claims she met Clarence Sangster, that if she couldn't get her other sweetheart she would take him"—upon which the court ruled in the following language: "So far as the paternity of the child having any bearing on this case, I would rule

that you couldn't ask those questions unless it was within a limit of time."

Appellant's brief does not state a syllable of the evidence that was offered by the state, either before or after the asking of the above question on cross-examination, nor the substance or nature thereof. The brief does not, in any manner, show or indicate the fact situation as developed by the testimony at the time of the asking of this question and the making of this offer, and there is nothing in the brief from which we can form the remotest idea as to the correctness of the court's ruling, and nothing whatever is presented from which we could say that the ruling, if erroneous, was prejudicial.

■ Appellant propounded to a witness, called by him in the course of putting in his defense, a question substantially as follows: "In a conversation with complaining witness, at your place the time you have stated here, in the latter part of July, 1925, did complaining witness say to you, in talking of defendant, that she had been jilted twice and couldn't stand it again, or words to that effect?" To which question the state interposed the following objection: "Objected to as entirely irrelevant and immaterial to the issues in this case, at a time remote from the issues, and relating to some other persons than the defendant, therefore entirely immaterial and if offered for the purpose of impeachment would be an attempt to impeach upon a collateral issue"—which objection was sustained, and on this ruling appellant seeks to predicate error.

Here, again, the record, as presented by appellant, fails to show anything from which we can determine that the ruling was erroneous. We are not furnished with enough of the evidence to determine what the fact situation was, nor is there evidence of the complaining witness shown in the brief whereby we might determine whether the question was impeaching, and, if so, whether proper foundation for it, as such, was laid, or whether it went to a material matter. Here, again, we must say that the record presented by appellant is insufficient for us to determine whether or not the ruling was erroneous, and still more insufficient to determine whether or not the ruling, if erroneous, was prejudicial.

■ Appellant further complains of the ruling of the trial court in refusing to permit secondary evidence of the contents of a certain letter. The brief of appellant fails to show that any

sufficient foundation was laid for such secondary evidence, and further fails to make any showing whatever as to what is claimed to have been the content of the letter in question. Manifestly, no prejudicial error appears here.

■ Appellant, at the trial, excepted to the following instruction given by the court: "You are further instructed that admissions, if made by defendant, are competent, and can be considered as corroborating evidence. In this case if you find from the evidence that admissions were made by the defendant as to his connection with the act charged, then such admissions may be considered by the jury in determining upon their verdict, and if taken with the other evidence, are deemed sufficient by the jury, would warrant a conviction if the jury are satisfied from all the evidence, beyond a reasonable doubt, that the defendant is guilty."

None of the other instructions given at the trial are set out in appellant's brief, and, under those circumstances, the state contends that this court will not consider this assignment of error, citing State v. Shevlin, 46 . D. 610, 195 N. W. 508, and State v. Rathjin, 46 S. D. 412, 193 N. W. 247.

That this court did so hold in those cases is beyond question; but we are now of the opinion that such holding was inadvertent and ill-advised at that time, and that, upon that point, those cases should not longer be permitted to stand as precedent.

The same rule is also announced in State v. Roby, 49 S. D. 187, 206 N. W. 925, and appears to go back at least to the case of Peterson v. Miller (1914), 33 S. D. 397, 146 N. W. 585, where this court, without citation of authority, established the rule in the following language:

"The fifty-third and fifty-fourth assignments show two particular portions of the instructions as given; but the appellant's brief does not contain the instructions as a whole, nor does it purport to do so. We cannot say, from an examination of those two particular portions of the charge, without knowing the contents of the charge as a whole, whether error was or was not committed."

Two years later in the case of Collison v. Davis (1916), 37 S. D. 107, 156 N. W. 786, this court, without citation of authority, and without mention of Peterson v. Miller, appeared to depart from the rule of Peterson v. Miller by the use of the following language:

"Respondent contends that, because appellants have not set out the whole of the court's instructions in the printed record, error, if apparent in the paragraphs excepted to, is not shown to be prejudicial because the instructions complained of may have been qualified or explained in other portions of the instructions. It is perhaps settled in this state that appellant's statement must affirmatively show prejudicial error. If, however, the trial court, in fact, gave other instructions which properly and sufficiently submitted the issue of fact arising upon the oral testimony as to whether at the time of the sale the defendants expressly reserved the right to fix the date of delivery, the giving of such instruction would be a part of the proceedings at the trial, material in determining whether the erroneous portions of the instructions were prejudicial.

"The printed record in this case contains a statement that it contains a full, true, and correct transcript of the proceedings had at the trial, as certified to by the trial judge, so far as the same are material to a full determination of the errors specified in the assignments. Upon such a statement and certification we must assume that no other instructions were given by the trial court which would change the effect of the portions excepted to."

In Bottum v. Kamen (1921), 43 S. D. 498, 180 N. W. 948, this court returned to the rule of Peterson v. Miller by the following language:

"Under the latter head appellant sets out numerous requests for instructions refused by the trial court. The instructions given, other than particular portions thereof excepted to and assigned as error, are not in the record, nor is it made to appear that instructions equivalent to those refused were not given by the trial court.

The rule is well settled in this jurisdiction that, in the absence of affirmative showing to the contrary, this court will presume that the jury were fully and correctly instructed upon all material matters, and, in the absence of such showing, prejudicial error is not made to appear."

And the same has since been reasserted in the Rathjin, Shevlin, and Roby Cases above mentioned.

At the time that Peterson v. Miller was written rule 6 of this court, effective April 15, 1913 (140 N. W. viii), set out in substance what should be contained in appellant's brief, and with reference to the instructions, that rule provided as follows:

"At the proper time the plaintiff (or the defendant, as the case may be) asked the court to give each of the following instructions to the jury: (Set out the instructions referred to and continue.) Which the court refused as to each instruction, to which several rulings the plaintiff (or defendant) at the proper time excepted. Thereupon the court gave the following instructions to the jury: (Set out the instructions.) To the giving of those numbered (give the numbers, if numbered) or, (if not numbered) to the giving of the following portions thereof (setting out the portions), and to the giving of each thereof, plaintiff (or defendant) at the proper time specifically excepted in words as follows: (Set out the specific exception interposed wherever you rely on error in giving the instruction.)"

After that case, however, and prior to the decision in Bottum v. Kamen, the rules of this court were changed, effective July 1, 1919, and present rule 5 of this court, as adopted at that time, in specifying what should be contained in appellant's brief with reference to the settlement and giving of instructions, provides as follows:

"Settlement and Giving of Instructions.

"At the proper time the plaintiff (or the defendant, as the case may be) asked the court to give each of the following instructions which were by the court refused: (Set out those instructions and those only, the refusals to give which are assigned as error and continue.) To which several rulings refusing such instructions the plaintiff (or defendant), at the proper time, excepted in words as follows: (State wording of exception as to each refusal.) The court announced that it would give the following instructions: (Set out those instructions and those only, the giving of which is assigned as error.) To the giving of those numbered (give the numbers, if numbered) or (if not numbered) to the giving of the following portions thereof (setting out the portions), and to the giving of each thereof, plaintiff (or defendant) at the proper time specifically objected and excepted in words as follows: (Set out the specific objections and exceptions interposed wherever you rely on error in giving the instruction.) The court then instructed the jury, giving, among others, the instructions to the giving of which exceptions were taken as above noted."

The rules of this court have always provided that appellant should include enough of the record to present fully the errors assigned and to show that they were prejudicial. Former rule 6 (140 N. W. viii) provided that the appellant's brief should contain:

"A clear, concise, and condensed statement of the contents of such part or parts of the settled record as may be necessary to present fully to this court the errors assigned and to show that they are prejudicial to appellant, setting forth so much thereof only as is necessary to a full understanding of all the questions presented to this court for decision."

And this language is preserved almost verbatim in present Supreme Court rule 5, providing that appellant's brief shall contain:

"A clear, concise, and condensed statement or abstract of such part or parts of the settled record of the proceedings upon trial as may be necessary to present fully to this court the errors assigned and to show that they are prejudicial to appellant, setting forth so much thereof only as is necessary to a full understanding of the assignments of error."

In view of the fact that the new rules preserved this language and at the same time abandoned the former requirement for setting out the instructions in full and specifically directed that of the requested instructions, appellant should set out in his brief "those only, the refusals to give which are assigned as error," and that of the given instructions appellant should set out in his brief "those only, the giving of which are assigned as error"; and, in view of the previous decisions of the court regarding the matter, we think there was a clear intention to change the practice and re-establish the rule set out in Collison v. Davis, supra. We think it was thereby intended that, when appellant sets out the portion of the instructions requested or given, to the refusal or giving of which he excepted, he impliedly represents that there is nothing elsewhere in the instructions given to render such error (if error it is) nonprejudicial, and this court should presume, without further quotation of instructions or statement in that regard by the appellant, that if the giving or refusing of such instructions was erroneous it was prejudicial, unless respondent in his brief presents additional portions of the instructions as given which show otherwise.

We think that this court in the case of Bottum v. Kamen, supra, and in subsequent cases on this point, simply followed the previous decisions and overlooked the intervening change in the court rules.

Present rule 6 of this court provides that, if the respondent deems the statement of the contents of the record as contained in appellant's brief improper and unfair, he may insert in his brief such further or additional statement as he shall deem necessary to a full understanding of the assignments of error. Upon the clear wording of present rule 5, we think that, when an appellant sets out a requested instruction in his brief and the refusal thereof and his exception, it must be presumed by this court that the substance of such request was not elsewhere embraced in the instructions. If the fact be otherwise, respondent may so show by setting out additional portions of the instructions in his brief. When appellant sets out in his brief a portion of the instructions given to which he took exception, this court should presume that, if the instruction as given was erroneus, such error was not cured by other parts of the instructions given. If the fact be otherwise, the respondent may so show in his brief. In so far as the decisions of this court have held to the contrary, subsequent to the taking effect of present rule 5 on July 1, 1919, they are expressly disapproved and overruled.

We turn, therefore, to consider the objection of appellant in this case to the instruction given as above set out. Appellant maintains that such instruction "is misleading and prejudicial and invading the province of the jury." We do not think it is any of those things, and we think it states the law correctly with reference to the matters which it purports to cover.

Finding no prejudicial error upon the record, the judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, BURCH, and BROWN, JJ., concur.