**HALCOMB, Petitioner, v. ECKLE, Superintendent, London Prison Farm, Respondent.**

Ohio Appeals, Second District, Madison County.

No. 269.   Decided March 31, 1959.

364

Earl Halcomb, London, petitioner.

Mark McElroy, Atty. Genl., William M. Vance, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By KERNS, J:

This is an original action in habeas corpus wherein the petitioner, Earl Halcomb, a prisoner confined at London Prison Farm, seeks his release.

The petitioner was arrested in April, 1953, for the armed robbery of a taxi driver in December, 1947. At the time of the offense in 1947, petitioner was wanted in Kentucky to answer a charge of armed robbery. He was therefore turned over to Kentucky authorities and was convicted of assault with intent to rob and sentenced to the Kentucky State Reformatory where he served from March, 1948, until August, 1951, except for time on parole from November, 1949, until returned as a parole violator in October, 1950.

The complaint charging the offense of armed robbery in December, 1947, was filed in July, 1950, and warrant issued. Petitioner was arrested on the warrant on April 10, 1953, and taken before the Municipal Court of Hamilton, Ohio, on April 14, 1953. On the same day, he was bound over to the grand jury. He was indicted May 11, 1953, arraigned May 14, 1953, tried and found guilty by a jury on May 18, 1953, and sentenced to the Ohio Penitentiary on June 30, 1953.

In seeking release, petitioner contends that he was denied effective counsel and that he was denied a speedy trial.

The first contention may be resolved by reference to the case of **McConnaughy v. Alvis, 165 Oh St 102**, wherein the court held that the issue presented as to denial of fair trial because of inefficient counsel must be determined on appeal in the criminal action rather than by an action in habeas corpus. See also **Beard v. Alvis, 164 Oh St 488**, and **Kramer v. Alvis, 103 Oh Ap 324.**

With reference to the second contention, petitioner cites the Sixth Amendment to the Constitution of the United States and **Section 10, Article I, Ohio Constitution,** both of which guarantee a person charged with crime a speedy trial.

However, extensive research discloses that the term "speedy trial" admits no precise definition. It is a relative term and dependent upon circumstances.

In considering the arguments of the petitioner, we cannot agree that there is any relation between the date of the trial in 1953 and the date of the crime in 1947. At that time, no charges were filed and petitioner was not denied his liberty. There is no statute of limitations for prosecution for armed robbery in Ohio, and the guarantee of a speedy trial was certainly never intended to envelop a situation where law enforcement authorities might be required to work against time in the apprehension of fugitives.

We also fail to find any merit in the argument that there is some relation between the filing of the complaint in 1950 and the trial date in 1953. The petitioner was not in jail or on bail during said time. He was not arrested on the warrant until 1953. The constitutional guarantee of a speedy trial was designed to prevent unjust restraint and oppression.

Between 1950 and 1953 there was no restraint or oppression which might place the petitioner in this case within the scope of the constitutional provision upon which he relies.

The right to a speedy trial means the right to have heard speedily the charge on which the accused is detained or under bail. Such right has no relation to the time the complaint is filed.

The petitioner was not arrested until April, 1953. From that time on, there was no delay, as evidenced by the facts heretofore set forth. Less than three months elapsed between arrest and admission to the penitentiary, and during said time, petitioner was given a preliminary hearing, bound over to the grand jury, indicted, arraigned, tried by jury and sentenced.

In briefly discussing the arguments advanced by petitioner in his brief, we are not unmindful of a more compelling reason why the issue raised by petitioner cannot be favorably considered in this habeas corpus proceeding. It has been noted that the Common Pleas Court had jurisdiction of both the subject matter and the person of petitioner in the criminal action. Therefore, the issue presented as to denial of a speedy trial could have been raised in the trial court.

In the case of **In re Knight, 144 Oh St 257,** the court refused to substitute habeas corpus for appeal where the trial court had overruled a motion for discharge upon the contention that petitioner was denied a speedy trial. The court, at page 264, said, "the question of whether petitioner's rights under **Section 10, Article I, Ohio Constitution,** were invaded by the trial court can be reviewed only upon appeal, it being clear that the trial court does have jurisdiction of the case."

In the case of **Keller v. State of Ohio, 126 Oh St 342,** the court held that where an accused has failed to demand his discharge before trial of the accusation against him he will be deemed to have waived his constitutional right to a speedy trial.

We therefore cannot reasonably conclude that the constitutional rights of the petitioner have been denied, and we find no allegations

in the petition or elsewhere in the record which might justify the relief sought in this case.

The prayer of the petition is therefore denied.

WISEMAN, PJ, CRAWFORD, J, concur.