STATE, Respondent v. NAGELE, Appellant

(129 N.W.2d 537)

(File No. 10088.  Opinion filed July 13, 1964)

**Sam D. Sechser,** Sioux Falls, for Defendant and Appellant.

**Frank L. Farrar,** Atty. Gen., **Robert A. Miller,** Asst. Atty. Gen., Pierre, **William F. Clayton,** State's Atty., **Roger Schiager,** Deputy State's Atty., Sioux Falls, for Plaintiff and Respondent.

HOMEYER, J. Defendant was found guilty by a jury on February 7, 1963 of receiving stolen property over the value of $50. Judgment was entered and sentence imposed on February 11, 1963. He appeals.

The principal question presented is whether defendant's constitutional right to a speedy trial was violated because 87 days elapsed between filing the preliminary complaint and his arrest. No contention is made that a speedy trial did not follow after arrest.

The crime was committed on February 5, 1962. A police officer familiar with some of the facts filed the complaint in mu-

nicipal court at Sioux Falls on April 16, 1962, and the municipal judge issued the warrant of arrest on the same day. The record does not show when the arresting officer received the warrant, but it was not returned and the defendant was not taken into custody until July 12, 1962. Defendant resided in Sioux Falls and was available for arrest during the interim between filing the complaint and the arrest.

A preliminary hearing at which defendant was represented by counsel was held on July 19, 1962, and he was bound over to the next (September) term of circuit court and released on bond. The case was continued over this term at the request of defendant's counsel upon an understanding with the state's attorney that such continuance would be without prejudice to a subsequent motion for dismissal on the constitutional question now urged. The information was filed and defendant arraigned on February 5, 1963. At the commencement of the trial the motion for dismissal was made and denied.

Article 6, Section 7, of the South Dakota Constitution provides "In all criminal prosecutions the accused shall have the right * * * to a speedy public trial by an impartial jury * * *." To the same effect is SDC 1960 Supp. 34.2905(0).

The argument is made since a warrant of arrest commands the sheriff or peace officer to arrest an accused "forthwith," SDC 1960 Supp. 34.1616, and bring him before the magistrate without unnecessary delay, SDC 1960 Supp. 34.1619, a lapse of an unreasonable length of time between the filing of the complaint on which the warrant was issued and the arrest deprives an accused of a speedy trial. There may be instances when delay may so operate. Rost v. Municipal Court, 184 Cal.App.2d 507, 7 Cal.Rptr. 869, 85 A.L.R.2d 974; United States v. Kojima, 3 Reports of U.S.Dist.Ct., Hawaii, 381. In Rost, a delay of 140 days in a misdemeanor drunken driving case, and in Kojima, a delay of five years in a conspiracy prosecution, under pertinent circumstances, were held unreasonable and in violation of constitutional guarantees. On the other hand, it has been said the constitutional guarantee of a speedy trial was designed to prevent restraint and oppression and has no relevancy where

an accused is not detained or under bail. Halcomb v. Eckle, 110 Ohio App. 208, 165 N.E.2d 479. In Halcomb the crime was committed in 1947, the complaint filed in 1950, and the arrest made in 1953.

■ ■ What is reasonable speed on the disposition of a charge against an accused, whether the time be computed from filing the preliminary complaint, or after arrest, depends upon the circumstances surrounding each particular case. It is a relative term and cannot be gauged in days, weeks, months, or other measures of time. State v. Lanphere, 20 S.D. 98, 104 N.W. 1038; State v. Werner, 78 S.D. 562, 105 N.W.2d 668; State v. Violett, 79 S.D. 292, 111 N.W.2d 598. Likewise, it is a judicial question to determine if, under described conditions and the nature of the charge, an accused has been deprived of his constitutional guarantee to a speedy trial. State v. Fogg, 79 S.D. 576, 115 N.W.2d 889. No precise rule can be pronounced to fit the myriad of situations which can arise.

■ ■ If arrested sooner, defendant could only have had an earlier trial if he had been tried at the May term which convened three weeks after the complaint was filed. Even in our most populous counties terms of court are spaced four months apart and in a majority of our counties there are intervals of six months and more between regular terms. The hazard of impairment of memory acuity is incident to all trials whether delay is short or extended. Defendant's assertion that an additional witness would have been available if the trial had been held in May is without material substance in considering the question of a speedy trial. This witness had moved to California in the summer of 1962. We see nothing in the record to indicate an attempt to use this witness, and if wanted, procedure was available to obtain his presence at the trial or to take a deposition. We are satisfied the defendant under the circumstances of this case suffered no deprivation of constitutional guarantees by reason of tardiness in his arrest. Without attempting to approve or condone what occurred, we recognize venue questions, concurrent prosecutions, and multiple offenders as probable reasons accounting for delay in arrest of defendant after charges had been filed.

When the jury was selected twelve jurors from the panel were deliberating on another case. The trial judge denied defendant's motion to delay selection of the jury until such jurors could be used in his case. Thirty-five other jurors remained on the panel from whom the trial jury was selected. We do not interpret that part of SDC 1960 Supp. 34.3604 which allows either party before drawing the jury to have called the names of all jurors on the panel as equivalent to an absolute right to have the entire panel present and available in a given case. A sufficient number of jurors were present to comply with statutory guide lines without the twelve engaged in another case. Subject to constitutional and statutory limitations, the manner of selecting an impartial jury to try an accused is within the sound judicial discretion of the trial court and will not be reversed except for a clear abuse thereof. State v. Shevlin, 46 S.D. 610, 195 N.W. 508; State v. Belt, 79 S.D. 324, 111 N.W.2d 588.

Introduction of testimony was completed at 3:20 p.m. on the second day of the trial. Instructions were settled, read to the jury, and counsels' argument and summation followed. The case was submitted to the jury at 4:35 p. m. and verdict returned at 10:12 p. m. The issues were simple. Defendant claims the court erred in denying his motion made following the conclusion of testimony to adjourn until 9:45 a. m., the next morning, and in limiting the time for argument. There is no merit in these contentions and the court committed no error. These matters rest within the discretion of the trial court and are not reviewable unless circumstances show a manifest abuse. 23 C.J.S. Criminal Law § 984; 23A C.J.S. Criminal Law § 1084. It is common knowledge trials, particularly deliberations of juries, often continue into the night and very frequently are dictated by necessity.

Finally defendant contends the evidence does not sustain the verdict. The state's case was based largely on the testimony of two convicted criminals and a police officer who had set up a surveillance of the Club Capri operated by defendant. The criminals had burglarized a liquor store at Tea and taken the stolen liquor to the Club Capri. Motions for directed verdict of acquittal specified as grounds the incriminating evidence was that of

convicted criminals, contradictory of previous sworn testimony given by them at preliminary hearings, and insufficient as a matter of law.

██ We have carefully reviewed the evidence and find it amply sustains the verdict. No useful purpose would be served in setting it forth in detail. The evidence was competent. Its weight and credibility were questions for the jury to determine. This court wil not substitute its judgment for that of the jury on those questions. State v. Houghton, 75 S.D. 207, 62 N.W.2d 342; State v. Hemmenway, 80 S.D. 153, 120 N.W.2d 561.

Other errors assigned are without merit.

Affirmed.

All the Judges concur.