Johnny Henry JONES *v.* STATE of Arkansas

CR 78-170                                    576 S.W. 2d 198

Opinion delivered January 29, 1979
(Division II)

*James P. Massie,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst.
Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. The only error asserted in
this case relates to action of the trial judge in overruling

challenges for cause to two prospective jurors, both female. We find no reversible error.

The first talesman was challenged for cause when she responded to an inquiry on voir dire by appellant's attorney. He asked whether she thought, regardless of what the law said, that the defendant would have to put on any evidence in his defense. She responded that she thought he would be wise to do so. After expressing doubt that she was disqualified, the judge asked her if she would follow the law as he gave it to her. She answered in the affirmative. The challenge was then rejected and appellant exercised a peremptory challenge.

The other talesman answered in the negative when asked if the defendant would have to testify, but in the affirmative when asked if he would have to present some evidence. After she was challenged for cause, the trial judge asked her if she believed that the defendant had to present any evidence, or to testify. She answered, "No. He doesn't have to." She answered in the affirmative when the judge asked if she would follow the law as he gave it to her. The judge pursued the inquiry further and established that this prospective juror knew that a defendant did not have to say anything; that if he did not take the stand, she could not draw any inference of guilt from that fact; and that the state had the burden of proving the defendant's guilt beyond a reasonable doubt. The challenge was then rejected. Since the defendant had exhausted his peremptory challenges, this lady served as a juror.

Appellant concedes that the trial judge has considerable discretion in ruling on challenges for cause, but contends that this discretion was abused when the trial judge failed to sustain his challenges. We disagree.

The challenge was for actual bias under Ark. Stat. Ann. § 43-1919 (Repl. 1977). In order to sustain appellant's challenge under this section, the trial judge, in the exercise of a sound discretion, must have been satisfied that there existed such a state of mind on the part of the juror that she could not try the case impartially and without prejudice to the substantial rights of the defendant. See *Gammel* v. *State,* 259 Ark. 96,

531 S.W. 2d 474; *Lewis* v. *State*, 220 Ark. 914, 251 S.W. 2d 490. We do not consider that the answers of either of these talesmen were such that we can say that the trial judge's rulings were erroneous. Certainly we cannot say that there was any abuse of discretion.

We are not aware of any of our cases involving answers in response to the precise lines of inquiry made here. There is, however, a close analogy to cases in which a talesman, who has a preconceived opinion based upon newspaper accounts of the crime with which a defendant is charged, satisfied the trial judge that he could set aside this opinion and give the accused the benefit of all doubts to which he is entitled by law. We have taken the position that such a juror is impartial. See *Glover* v. *State*, 248 Ark. 1260, 455 S.W. 2d 670; *Rowe* v. *State*, 224 Ark. 671, 275 S.W. 2d 887. There is also a similarity to cases in which a prospective juror states that he would tend to believe a state's witness whom he knew to be an honest man, but would abide by the court's instruction on credibility of witnesses and apply it to the facts presented. See *Gammel* v. *State*, supra. Likewise, we have held that there was no error in the refusal to excuse a juror who stated that his opposition to intoxicating liquor was such that it would take less evidence "on the innocence of a man" who had not been drinking than on one who had, and that he could not give a drinking defendant as fair a trial as one who had not been drinking; but, on further examination, stated that he did not know either of the defendants, that he would give them a fair and impartial trial, regardless of his prejudice against liquor, and that he would be bound only by the law and the evidence in reaching a verdict. *Lewis* v. *State*, supra. This same result has been reached even when it was known at the time of the voir dire that the defendant was a heavy drinker of intoxicating liquors and that his defense rested, in part, upon intoxication at the time of the commission of the alleged crime. *Niven* v. *State*, 190 Ark. 514, 80 S.W. 2d 644.

It is generally held that a juror, who holds a mistaken view of the law as to a defense, a particular principle of law, the burden of proof, the presumption of innocence or the weight or effect of the evidence, but is willing to abide by the law as explained or stated by the court and

not by his own ideas, is not disqualified for cause. *Bias* v. *State,* 561 P. 2d 523 (Okla. Cr., 1977), cert. den. 434 U.S. 940, 98 S. Ct. 432, 54 L. Ed. 2d 300 (1977); *State* v. *Nix,* 215 Kan. 880, 529 P. 2d 147 (1974); *State* v. *Clayton,* 109 Ariz. 587, 514 P. 2d 720 (1973); *State* v. *Dickson,* 200 Iowa 17, 202 N.W. 225 (1925); *State* v. *Sangster,* 54 S.D. 391, 223 N.W. 325 (1929); *State* v. *White,* 60 Wash. 2d 551, 374 P. 2d 942 (1962), cert. den. 375 U.S. 883, 84 S. Ct. 154, 11 L. Ed. 2d 113 (1963); *State* v. *Croney,* 31 Wash. 122, 71 P. 783 (1903); *State* v. *Parrish,* 32 N.C. App. 636, 233 S.E. 2d 690 (1977); *State* v. *Square,* 257 La. 743, 244 So. 2d 200 (1971), vac. in part on other grounds, 408 U.S. 938, 92 S. Ct. 2871, 33 L. Ed. 2d 760 (1972), mand. conformed to 263 La. 291, 268 So. 2d 229 (1972); *Aaron* v. *State,* 273 Ala. 337, 139 So. 2d 309 (1962), cert. den. 371 U.S. 846, 83 S. Ct. 81, 9 L. Ed. 2d 82 (1962); *State* v. *Jefferson,* 284 So. 2d 882 (La., 1973); *State* v. *Ransburg,* 540 S.W. 2d 172 (Mo., 1976). *State* v. *Sangster,* supra, *State* v. *Nix,* supra, *Bias* v. *State,* supra and *State* v. *Ransburg,* supra, are peculiarly persuasive here, because in each of them the challenge was based upon an expression by one or more jurors of a belief or feeling that a defendant should offer some evidence either in his defense or to prove his innocence.

The rule generally applied in other jurisdictions and its application to situations very similar to those in this case are consistent and harmonious with the basis of our holdings in the Arkansas cases we have cited. We conclude that it should apply in this case and that, manifestly, there was no abuse of discretion in this case.

The judgment is affirmed.

We agree. HARRIS, C.J., and HOLT and HICKMAN, JJ.